**ORIGINAL**



1  SEAN REIS (SBN: 184044)
   (sreis@edelson.com)
2  EDELSON MCGUIRE LLP
   30021 Tomas Street, Suite 300
3  Rancho Santa Margarita, California 92688
   Telephone: (949) 459-2124
4  Facsimile: (949) 459-2123

5  JAY EDELSON (jedelson@edelson.com)
   MICHAEL J. ASCHENBRENER (maschenbrener@edelson.com)
6  BENJAMIN H. RICHMAN (brichman@edelson.com)
7  EDELSON MCGUIRE, LLC
   350 North LaSalle Street, Suite 1300
8  Chicago, Illinois 60654
   Telephone: (312) 589-6370
9  Fax: (312) 589-6378

**E-FILING**

10 ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS

**ADR**

11          UNITED STATES DISTRICT COURT

12          NORTHERN DISTRICT OF CALIFORNIA

13                 SAN JOSE DIVISION

14 DAVID GOULD, an individual, on        ) Case No. **CV10-02389 PVT**
15 behalf of himself and all others similarly )
   situated,                              )
16                                        )  **COMPLAINT FOR:**
17              Plaintiff,                )
                                          )  (1) **Violations of Cal. Bus. & Prof.**
18 v.                                     )      **Code § 17200;**
                                          )  (2) **Violations of Cal. Penal Code § 502;**
19 FACEBOOK, INC., a Delaware             )  (3) **Violations of Cal. Civ. Code § 1750;**
20 corporation,                           )  (4) **Breach of Contract;**
                                          )  (5) **Breach of Implied Contracts;**
21              Defendant.                )  (6) **Breach of the Implied Covenant of**
                                          )      **Good Faith and Fair Dealing;**
22                                        )  (7) **Violations of Cal. Civ. Code §§ 1572, 1573;**
                                          )  (8) **Unjust Enrichment;**
23                                        )  (9) **Negligence;**
                                          )  (10) **Negligence Per Se.**
24                                        )
                                          )  **DEMAND FOR JURY TRIAL**
25                                        )
                                          )  **CLASS ACTION**
26 ───────────────────────────────       )

27

28 ─────────────────────────────────────────────────
   COMPLAINT

**FILED MAY 28 2010** RICHARD W. WIEKING CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA SAN JOSE

1    Plaintiff, by and through his attorneys, upon personal knowledge as to himself and his

2  own acts, and upon information and belief as to all other matters, alleges as follows:

3                          **NATURE OF THE ACTION**

4        1.    Plaintiff, David Gould ("Plaintiff" or "Mr. Gould"), brings this class action

5  complaint against Facebook, Inc. ("Facebook") for sharing its users' sensitive personally

6  identifiable information ("PII"), including users' real names, place of birth, current city,

7  schools attended, friend lists, pictures, genders, and more with Facebook's advertising

8  partners, in violation of its own Privacy Policy and accepted industry standards.

9                                **PARTIES**

10       2.    Plaintiff David Gould is a resident of South Lake Tahoe, California.  He is a

11  registered user of Facebook, Inc.'s services and has been since at least 2008.

12       3.    Defendant Facebook, Inc. is a Delaware corporation headquartered in San

13  Clara County, California, at 1601 South California Avenue, Palo Alto, California 94304.

14  Facebook does business throughout the State of California and the nation.

15                         **JURISDICTION AND VENUE**

16       4.    This Court has original jurisdiction over this action pursuant to 28 U.S.C.

17  § 1332(d), because (a) at least one member of the putative class is a citizen of a state

18  different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of

19  interest and costs, and (c) none of the exceptions under the subsection apply to this action.

20       5.    Personal jurisdiction and Venue are proper because Facebook is a corporation

21  headquartered in Santa Clara County and/or because the improper conduct alleged in the

22  Complaint occurred in, was directed from, and/or emanated or exported from California.

23                        **INTRADISTRICT ASSIGNMENT**

24       6.    Pursuant to Local Civil Local Rule 3-2(e), this case shall be assigned to the

25  San Jose Division.

26

27

28

COMPLAINT

**FACTS**

**About Facebook**

7.     Facebook is the world's largest social networking website, with over 400 million registered users worldwide.

8.     According to Facebook, its "mission is to give people the power to share and make the world more open and connected." (www.facebook.com/facebook?v=info%ref=pf) To accomplish that mission, Facebook allows anyone with access to a computer and Internet connection to register for its services free of charge.

9.     One of the only requirements Facebook places on its registrants is that they use their actual names, rather than create a "screen name" or "user name," as is commonplace with other website registrations.

10.     Once registered, a Facebook user may post a multitude of information to their own personal "Facebook profile" page, including their birth date, place of birth, current and past addresses, present and past employment, relationship status, personal pictures, videos, and more. Facebook, in fact, presents users with pre-made forms in which users may enter this type of personal information.

11.     As of May 21, 2010, Facebook's default privacy settings allow everyone on the internet, including advertisers, to see a user's real name, gender, picture, friends, networks, wall posts, photos, and likes, among other data.

12.     In many ways, Facebook is accomplishing its official mission. Facebook users share unprecedented personal information through the service. And while users may do so in order to connect with other Facebook users, they are also sharing this information with Facebook. And all this personal information is valuable to Facebook because it is valuable to advertisers.

COMPLAINT

**Advertising on Facebook**

13.     Because users share so much information through Facebook, Facebook is able to use that data to help its advertisers target their ads to finely tailored audiences.

14.     This targeting may help explain Facebook's success in generating advertisement impressions. According to comScore's Ad Metrix services, Facebook now serves more ad impressions than any other online entity. comScore reports that in the first quarter of 2010, Facebook served up over 176 billion display ad impressions, which accounts for 16.2% of the market.[1]

15.     In fact, the information Facebook possesses allows its advertisers to target their ads based on age, city of residence, gender, and interests, such as mountain biking for example. This allows a local mountain bike maker to only pay for ads that Facebook serves to 20 to 30-year old men in Moab, Utah who have expressly shared with Facebook an interest in mountain biking.

16.     The only thing better for the advertiser would be to know the true identity of that 20-something male mountain biker. But Facebook's own Privacy Policy prohibits this. It states:

> **5.     How We Use Your Information**
>
> **To serve personalized advertising to you.** We don't share your information with advertisers without your consent. . . .

17.     As a result, while Facebook advertisers are able to engage in very targeting advertising, Facebook promises not to share anyone's true identity or personal information with any advertisers.

---

[1] http://www.comscore.com/Press_Events/Press_Releases/2010/5/Americans_Received_1_Trillion_Display_Ads_in_Q1_2010_as_Online_Advertising_Market_Rebounds_from_2009_Recession.

COMPLAINT

4

1      18.    Facebook requires its users to agree to this Privacy Policy upon registering

2  with the site.

3  **Facebook violates its own Privacy Policy**

4      19.    Unfortunately for Facebook users, Facebook—in violation of its own Privacy

5  Policy—shares its users' information with third-party advertisers without consent.

6      20.    When a Facebook user clicks on an advertisement posted on Facebook's

7  website, Facebook sends what is known as a "Referrer Header" to the relevant advertiser.

8  The Referrer Header is similar in many ways to a web address that a typical Internet user

9  might use to navigate to a particular website, except that the Referrer Headers sent by

10  Facebook to its advertisers include the user ID of the user who clicked the ad.

11      21.    Because Facebook requires its users to use their real names, navigating to any

12  user's site will reveal that user's real name, and many times much more.

13      22.    Accordingly, once an advertiser receives the Referrer Header containing a

14  Facebook user ID, an advertiser can simply navigate back to the specific user's profile and

15  obtain any personal information the user has made publicly available.  And remember, the

16  default privacy settings that many users never change make the user's name, photo, and more

17  available.

18      23.    Thus, Facebook advertisers are able to gain the ultimate demographic

19  information: users' true identities, including real name, gender, friends, interests, and more.

20  All in violation of Facebook's own Privacy Policy.

21      24.    The importance of this systematic practice of privacy violations cannot be

22  understated.  As noted Harvard professor, Ben Edelman, stated on *NBC Nightly News*, "[i]t's

23  like giving away your social security number.  Once someone has this code, they can look up

24  everything else that Facebook knows about you."[2]

25

26  _____

27  [2] http://www.msnbc.msn.com/id/21134540/vp/37283838#37283838.

28

COMPLAINT

5

1    **Facebook has been on notice of this problem, but failed to fix it**

2         25.    While the story regarding this problem broke on May 21, 2010 in the *Wall*

3    *Street Journal*,[3] Facebook was put on notice of this problem in August 2009.

4         26.    In August 2009, Balachander Krishnamurthy and Craig E. Wills published an

5    article titled, "On the Leakage of Personally Identifiable Information Via Online Social

6    Networks."[4]  In this article, the authors detail the exact manner in which Facebook shares

7    with its advertisers information it promises to protect.  The authors also sent this article to

8    Facebook.

9         27.    Facebook confirmed its knowledge of the violation in September 2009, as

10   reported by Wendy Davis of *Media Post*,[5] yet it did not fix the problem, which would have

11   been easy to do.

12        28.    Troublingly, while Facebook knew of the problem, it continued to make

13   public statements to the contrary.

14        29.    On April 5, 2010, Facebook stated in an official blog post:

15                 We don't share your information with advertisers unless you tell us to
16                 (e.g. to get a sample, hear more, or enter a contest).  Any assertion to
                   the contrary is false.  Period.  Instead, we enable advertisers to target
17                 anonymized demographics and attributes.  That is, a company selling
                   boats can target people between 40 and 50 years old who expressed an
18                 interest in boating.  However, we never provide the advertiser any
                   names or other information about the people who are shown, or even
19                 who click on, the ads.

20        30.    As demonstrated throughout this Complaint, this statement is not only false,

21   but is knowingly and willfully false.

22        31.    Also troubling is the fact that problem would have been easy to fix or prevent

23   from ever occurring by making minor adjustments to its software.[6]

24   _____

25   [3] http://online.wsj.com/article/SB10001424052748704513104575256701215465596.html.

26   [4] http://conferences.sigcomm.org/sigcomm/2009/workshops/wosn/papers/p7.pdf.

27   [5] http://www.mediapost.com/publications/index.cfm?fa=Articles.showArticle&art_aid=114344.

28   COMPLAINT

                                            6

## FACTS RELATING TO PLAINTIFF

32.     During the relevant time period, Plaintiff Gould was a registered account holder with Facebook.  Plaintiff registered with Facebook prior to December 31, 2008.

33.     During the relevant time period, Plaintiff clicked on at least one third-party advertisement displayed on Facebook.com.

## CLASS ALLEGATIONS

34.     Plaintiff Gould brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of himself and a Class of similarly situated individuals, defined as follows:

> All Facebook users in the United States who clicked on a third-party advertisement displayed on Facebook.com between February 4, 2004 and May 21, 2010.

Excluded from the Class are Defendant, its legal representatives, assigns, and successors, and any entity in which Defendant has a controlling interest.  Also excluded is the judge to whom this case is assigned and the judge's immediate family.

35.     The Class consists of millions of individuals and other entities, making joinder impractical.

36.     Plaintiff's claims are typical of the claims of all of the other members of the Class.

37.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class.  Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so.  Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class.

---

[6] http://www.benedelman.org/news/052010-1.html#do.

COMPLAINT

7

38.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and will have no effective remedy.  The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

39.     Facebook has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

40.     The factual and legal bases of Facebook's liability to Plaintiff and to the other members of the Class are the same and resulted in injury to Plaintiff and all of the other members of the Class.  Plaintiff and the other members of the Class have all suffered harm as a result of Facebook's unlawful conduct.

41.     There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class.  Common questions for the Class include but are not limited to the following:

(a)     whether Facebook violated its Terms of Service and Privacy Policy by making its users' personal information available to third-parties without authorization;

(b)     whether Facebook's conduct described herein violated California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*);

(c)     whether Facebook's conduct described herein violated California's Computer Crime Law (Cal. Penal Code § 502);

(d)     whether Facebook's conduct describe herein violated the California Legal Remedies Act (Cal. Civ. Code § 1750);

1    (e)    whether Facebook's conduct described herein constitutes a breach of

2    contract;

3    (f)    whether Facebook's conduct described herein constitutes breach of the

4    implied covenants of good faith and fair dealing;

5    (g)    whether Facebook's conduct described herein constitutes breach of

6    implied contracts;

7    (h)    whether Facebook's conduct described herein was negligent and/or

8    grossly negligent;

9    (i)    whether Facebook's conduct described herein constitutes negligence

10    per se;

11    42.    Plaintiff reserves the right to revise the above class definition based on facts

12    learned in discovery.

13    ### FIRST CAUSE OF ACTION

14    **Violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200**

15    **(On Behalf of Plaintiff and the Class)**

16    43.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

17    44.    California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code

18    § 17200, *et seq.*, protects both consumers and competitors by promoting fair competition in

19    commercial markets for goods and services.

20    45.    The UCL prohibits any unlawful, unfair or fraudulent business act or practice.

21    A business practice need only meet one of the three criteria to be considered unfair

22    competition.  An unlawful business practice is anything that can properly be called a business

23    practice and that at the same time is forbidden by law.

24    46.    As described herein, Facebook's disclosure of its users' personal information

25    to third-party advertisers without their authorization is a violation of the UCL.

26

27

28

COMPLAINT

47.     Facebook has violated the "unlawful" prong of the UCL in that Defendant's conduct violated the Consumer Legal Remedies Act (Cal. Civ. Code § 1750 *et seq.*), the California Computer Crime Law (Cal. Penal Code § 502), and the California Security Breach Information Act (Cal. Civ. Code § 1798.80, *et seq.*).

48.     Facebook violated the fraudulent prong of the UCL by explicitly representing in its Privacy Policy and in subsequent public statements that it would not make users' personal information available to any third-party without authorization.  Facebook used those misrepresentations to induce users to submit their personally identifiable information to its website.  Facebook then knowingly transmitted that information to third parties without its users' authorization.

49.     Facebook violated the unfair prong of the UCL by gaining control over its users' PII under false pretenses.

50.     Defendant's unfair or deceptive practices occurred primarily and substantially in California.  Decisions concerning the retention and safeguarding the disclosure of user information were made in California, Facebook maintains all or a substantial part of its computer systems containing user information in California, and the disclosure of its users' information took place primarily and substantially in California.

51.     Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff seeks an order of this Court permanently enjoining Facebook from continuing to engage in the unfair and unlawful conduct described herein.  Plaintiff seeks an order requiring Facebook to (1) immediately cease the unlawful practices stated in this Complaint; and (2) awarding Plaintiff and the Class reasonable costs and attorneys' fees pursuant to Cal. Code Civ. Proc. § 1021.5.

## SECOND CAUSE OF ACTION

**Violation of California's Computer Crime Law ("CCCL"), Cal. Penal Code § 502**

**(On Behalf of Plaintiff and the Class)**

COMPLAINT

10

52.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

53.     Facebook knowingly accessed and without permission used any data, computer, computer system, or computer network in order to execute a scheme or artifice to deceive and/or to wrongfully control or obtain money, property, or data in violation of § 502(c)(1). Facebook did so by accessing and sharing with advertisers the personal information of Plaintiff and Class members in order to deceive Facebook users and/or to wrongfully obtain money from advertisers and more data from Facebook users.

54.     Facebook knowingly accessed and without permission took, copied, or made use of Plaintiff and Class members' personal information in violation of § 502(c)(2).

55.     Facebook knowingly and without permission used or caused to be used computer services by impermissibly accessing, collecting, and transmitting Plaintiff and Class members' personal information in violation of § 502(c)(3).

56.     Facebook knowingly and without permission provided or assisted in providing a means of accessing a computer, computer system, or computer network by creating a command that allowed it to impermissibly access, collect, and transmit Plaintiff and Class members' personal information in violation of § 502(c)(6).

57.     Facebook knowingly and without permission accessed or caused to be accessed Plaintiff and Class members' computers and/or computer networks by impermissibly collecting Plaintiff and Class members' personal information in violation of § 502(c)(7).

58.     Facebook knowingly and without permission introduced a computer contaminant, as defined in § 502(b)(10), by introducing computer instructions designed to record or transmit information—Plaintiff and Class members' personal information—on Plaintiff and Class members' computers and/or computer networks without the intent or permission of the owners of that information in violation of § 502(c)(8).

COMPLAINT

1    59.    As a direct and proximate result of Facebook's violation of § 502, Facebook

2    caused loss to Plaintiff and the Class members in an amount to be proven at trial.  Plaintiff

3    and the Class are entitled to the recovery of attorneys' fees pursuant to § 502(e).

4    60.    Plaintiff and Class members have also suffered irreparable injury as a result of

5    Defendant's unlawful conduct, including the collection and sharing of their personal

6    information.  Additionally, because the stolen information cannot be returned, the harm from

7    the security breach is ongoing and compounding.  Accordingly, Plaintiff and the Class have

8    no adequate remedy at law, entitling them to injunctive relief.

9                                    **THIRD CAUSE OF ACTION**

10    **Violation of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.***

11                            **(On Behalf of Plaintiff and the Class)**

12    61.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

13    62.    The Consumers Legal Remedies Act prohibits the act, use or employment by

14    any person of any deception, fraud, false pretense, false promise, misrepresentation,

15    concealment, suppression or omission of any material fact with intent that others rely upon

16    such act in connection with the sale or advertisement of any merchandise whether or not any

17    person has in fact been misled, deceived or damaged thereby.

18    63.    As described within, Facebook has engaged in deceptive practices, unlawful

19    methods of competition, and/or unfair acts as defined by Cal. Civ. Code §§ 1750, *et seq.*, to

20    the detriment of Plaintiff and the Class.

21    64.    Facebook, acting with knowledge, intentionally and unlawfully brought harm

22    upon Plaintiff and the Class by deceptively inducing Plaintiff and the Class to register with

23    Facebook and click on advertisements based upon deceptive and misleading representations

24    that it would not disclose their personal information to third-parties without authorization.

25    Specifically, Facebook violated Cal. Civ. Code § 1750 in at least the following respects:

26    (a)    In violation of § 1770(a)(5) by representing that goods or services have
              characteristics and benefits that they do not have;

27

28

COMPLAINT

12

(b)   In violation of § 1770(a)(14) by representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

(c)   In violation of § 1770(a)(16) by representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

65.   Plaintiff and the Class have suffered harm as a direct and proximate result of the Facebook's violations of law and wrongful conduct.

66.   Under Cal. Civ. Code § 1780(a) & (b), Plaintiff and the Class seek injunctive relief requiring Defendant to cease and desist the illegal conduct described herein, and any other appropriate remedy for violations of the CLRA. For the sake of clarity, Plaintiff explicitly disclaims any claim for damages under the CLRA at this time.

## FOURTH CAUSE OF ACTION

### Breach of Contract

### (On Behalf of Plaintiff and the Class)

67.   Plaintiff incorporates the foregoing allegations as if fully set forth herein.

68.   In order to register for and use its social-networking website, Facebook required that Plaintiff and the Class affirmatively assent to its Terms and Conditions and Privacy Policy (the "Agreement").

69.   The Agreement's provisions constitute a valid and enforceable contract between Plaintiff and the Class on the one hand, and Facebook on the other.

70.   Under the Agreement, Plaintiff and the Class transmitted several pieces of sensitive PII to Facebook in exchange for Facebook's promise that it would not share their personal information with third parties, including but not limited to advertisers, without their authorization.

71.   Defendant materially breached the terms of the Agreement through its unlawful conduct alleged herein, including its disclosure of Plaintiff and the Class's personal information to its advertiser partners.

72.     As a result of Defendant's misconduct and breach of the Agreement described herein, Plaintiff and the Class suffered injury.

### FIFTH CAUSE OF ACTION

**Breach of the Implied Covenant of Good Faith and Fair Dealing**

**(On Behalf of Plaintiff and the Class)**

73.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

74.     In order to use Defendant's social-networking website, Plaintiff and the Class affirmatively assented to Defendant's Terms and Conditions and Privacy Policy.

94.     The Agreement's provisions constitute a valid and enforceable contract between Plaintiff and the Class on the one hand, and Facebook on the other.

95.     Implicit in the Agreement were contract provisions that prevented Facebook from engaging in conduct that frustrated or injured Plaintiff's and the Class's rights to receive the benefits of the Agreement.

96.     Defendant's obligation to prevent the disclosure of Plaintiff and the Class's personal information to third-parties without their authorization was a material term of the Agreement.

97.     Furthermore, implicit in the terms of the Agreement was Facebook's obligation to comply with Cal. Bus. & Prof. Code §§ 17200, *et seq.*, Cal. Penal Code § 502, Cal. Civ. Code §§ 1798.80, *et seq.*, and Cal. Civ. Code §§ 1750, *et seq.*

98.     Defendant breached the implied covenant of good faith and fair dealing by disclosing Plaintiff and the Class's personal information to third-parties without their authorization, and further by failing to fully comply with the proscriptions of applicable statutory law.

99.     Defendant's misconduct and breach of the implied covenant of good faith and fair dealing as described herein resulted in injury to Plaintiff and the Class.

COMPLAINT

14

### SIXTH CAUSE OF ACTION

**Breach of Implied Contracts**

**(On Behalf of Plaintiff and the Class)**

100.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

101.     In order to register for Facebook's social-networking website, Plaintiff and the Class transmitted several pieces of sensitive PII to Facebook.

102.     By providing that sensitive PII and upon Facebook's acceptance of such information, Plaintiff and the Class, on the one hand, and Defendant, on the other hand, entered into implied contracts whereby Facebook was obligated not to disclose that information to third-parties without Plaintiff and the Class's authorization.

103.     Without such implied contracts, Plaintiff and the Class would not have provided their personal information to Defendant.

104.     By disclosing Plaintiff and the Class's sensitive PII to third-parties without their authorization, Facebook breached its implied contracts with Plaintiff and the Class.

105.     Facebook's breach and other misconduct described herein resulted in injury to Plaintiff and the Class.

### SEVENTH CAUSE OF ACTION

**Violation of Cal. Civ. Code §§ 1572 & 1573**

**(On Behalf of Plaintiff and the Class)**

106.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

107.     Cal. Civ. Code § 1572 provides in relevant part that actual fraud exists when a party to a contract suppresses "that which is true, by one having knowledge or belief of the fact" "with intent to deceive another party thereto, or to induce him to enter into the contract."

108.    Cal. Civ. Code § 1573 provides in relevant part that constructive fraud exists "[i]n any such act or omission as the law specially declares to be fraudulent, without respect to actual fraud."

109.    Facebook violated § 1572 through its positive assertions that it would not share the identity of its users with its advertisers without consent, as described herein. Facebook further violated this section by suppressing its knowledge of this fact.

110.    Additionally and/or alternatively, Facebook violated § 1573 by breaching its duty to protect its users' identities from its advertisers and gaining an advantage in doing so, by misleading its users to their prejudice, as described herein.

111.    Plaintiff, on behalf of himself and the Class, seeks damages from Facebook, including but not limited to disgorgement of all proceeds Facebook obtained from its unlawful business practices.

## EIGHTH CAUSE OF ACTION

### Unjust Enrichment (In the Alternative)

### (On Behalf of Plaintiff and the Class)

112.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

113.    Plaintiff and the Class have conferred a benefit upon Facebook.  Facebook has received and retained money belonging to Plaintiff and the Class as a result of sharing its users' personal information with its advertisers without their consent, as described herein.

114.    Facebook appreciates or has knowledge of said benefit.

115.    Under principles of equity and good conscience, Facebook should not be permitted to retain money belonging to Plaintiff and the Class that it unjustly received as a result of its actions.

116.    Plaintiff and the Class have suffered loss as a direct result of Facebook's conduct.

COMPLAINT

16

117.   Plaintiff, on his own behalf and on behalf of the Class, seeks the imposition of a constructive trust on and restitution of the proceeds of Facebook received as a result of its conduct described herein, as well as attorney's fees and costs pursuant to Cal. Civ. Proc. Code § 1021.5.

### NINTH CAUSE OF ACTION

#### Negligence

#### (On Behalf of Plaintiff and the Class)

118.   In order to register for Facebook's social-networking website, Plaintiff and the Class transmitted several pieces of sensitive PII to Defendant.

119.   By agreeing to accept Plaintiff and the Class's sensitive PII, Facebook assumed a duty, which required it to exercise reasonable care in protecting that information from its unauthorized disclosure to third-parties.

120.   Defendant failed to protect Plaintiff and the Class's sensitive PII from its unauthorized disclosure to third-parties, including by failing to ensure that user IDs and other identifying information that would allow third-parties to navigate to individual users' profile pages were not included in the referrer URL's transmitted to its advertiser partners.

121.   By failing to take appropriate measures to protect Plaintiff and the Class's sensitive PII from unauthorized disclosure as described herein, Defendant's conduct was grossly negligent and departed from all reasonable standards of care.

122.   As a direct and proximate result of Facebook's conduct described herein, Plaintiff and the Class's sensitive PII was disclosed to third-parties without their authorization.

123.   That disclosure of Plaintiff and the Class's sensitive PII was reasonably foreseeable by Defendant.

124.   Neither Plaintiff nor the other members of the Class contributed to the unauthorized disclosure of their sensitive PII described herein.

COMPLAINT

17

125.     As a direct and proximate result of Facebook's misconduct described herein, Plaintiff and the Class were injured.

## TENTH CAUSE OF ACTION

### Negligence Per Se

### (On behalf of Plaintiff and the Class)

126.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

127.     Defendant's violations of Cal. Bus. & Prof. Code §§ 17200, *et seq.*, Cal. Penal Code § 502, Cal. Civ. Code §§ 1798.80, *et seq.*, and Cal. Civ. Code §§ 1750, *et seq.*, resulted in injury to Plaintiff and the Class.

128.     The harm Defendant caused to Plaintiff and the Class are injuries that result from the type of occurrences those statutes were designed to prevent.

129.     Plaintiff and the Class are the type of persons for whose protection those statutes were adopted.

130.     Defendant's violations of the foregoing statutes as described herein resulted in injury to Plaintiff and the Class.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     Certify this case as a class action on behalf of the Class defined above, appoint Plaintiff Gould as class representative, and appoint his counsel as class counsel;

B.     Declare that Facebook's actions, as described herein, violate the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*), the Computer Crime Law (Cal. Penal Code § 502), the California Security Breach Information Act (Cal. Civ. Code § 1798.80, *et seq.*), and the Consumer Legal Remedies Act (Cal. Bus. & Prof. Code § 1750), and constitute breach of contract, breach of implied covenant of good faith and fair dealing, breach of implied contract, fraud, unjust enrichment, negligence, and negligence per se;

COMPLAINT

C.      Awarding injunctive and other equitable relief as is necessary to protect the

interests of the Class, including, *inter alia*, an order prohibiting Facebook from engaging in

the wrongful and unlawful acts described herein;

D.      Disgorge Facebook of all revenue earned from displaying third-party

advertising on Facebook.com during the class period;

E.      Awarding damages, including statutory damages where applicable, to Plaintiff

and the Class in an amount to be determined at trial;

F.      Awarding all economic, monetary, actual, consequential, and compensatory

damages caused Facebook's conduct, and if its conduct is proved willful, award Plaintiff and

the Class exemplary damages;

G.      Award restitution against Facebook for all money to which Plaintiff and the

Class are entitled in equity;

H.      Awarding Plaintiff and the Class their reasonable litigation expenses and

attorneys' fees;

I.      Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent

allowable; and

J.      Awarding such other and further relief as equity and justice may require.

### JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

EDELSON MCGUIRE, LLP

Dated:  May 28, 2010

By:_____
Sean Reis
One of the Attorneys for Plaintiff

COMPLAINT

1      C.    Awarding injunctive and other equitable relief as is necessary to protect the
2  interests of the Class, including, *inter alia*, an order prohibiting Facebook from engaging in
3  the wrongful and unlawful acts described herein;
4      D.    Disgorge Facebook of all revenue earned from displaying third-party
5  advertising on Facebook.com during the class period;
6      E.    Awarding damages, including statutory damages where applicable, to Plaintiff
7  and the Class in an amount to be determined at trial;
8      F.    Awarding all economic, monetary, actual, consequential, and compensatory
9  damages caused Facebook's conduct, and if its conduct is proved willful, award Plaintiff and
10  the Class exemplary damages;
11      G.    Award restitution against Facebook for all money to which Plaintiff and the
12  Class are entitled in equity;
13      H.    Awarding Plaintiff and the Class their reasonable litigation expenses and
14  attorneys' fees;
15      I.    Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent
16  allowable; and
17      J.    Awarding such other and further relief as equity and justice may require.

**JURY TRIAL**

Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

EDELSON MCGUIRE, LLP

Dated: May 28, 2010

By: _____
Sean Reis
One of the Attorneys for Plaintiff

COMPLAINT

19