1   COOLEY LLP
    MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2   MATTHEW D. BROWN (196972) (brownmd@cooley.com)
    JAMES M. PENNING (229727) (jpenning@cooley.com)
3   101 California Street
    5th Floor
4   San Francisco, CA  94111-5800
    Telephone:    (415) 693-2000
5   Facsimile:    (415) 693-2222

6   Attorneys for Defendant
    FACEBOOK, Inc., a Delaware corporation
7
    NASSIRI & JUNG LLP
8   KASSRA P. NASSIRI (215405) (knassiri@nassiri-jung.com)
    CHARLES H. JUNG (217909) (cjung@nassiri-jung.com)
9   47 Kearny Street, Suite 700
    San Francisco, California 94108
10  Telephone:  (415) 762-3100
    Facsimile:  (415) 534-3200
11
    EDELSON MCGUIRE LLP                      MICHAEL J. ASCHENBRENER
12  SEAN REIS (184044) (sreis@edelson.com)   (maschenbrener@edelson.com)
    30021 Tomas Street, Suite 300            BENJAMIN H. RICHMAN
13  Rancho Santa Margarita, CA 92688         (brichman@edelson.com)
    Telephone:    (949) 450-2124             350 North LaSalle Street, Suite 1300
14  Facsimile: (949) 459-2123                Chicago, Illinois 60654
                                             Telephone:    (312) 589-6370
15                                           Facsimile:  (312) 589-6378

16  Attorneys for Plaintiffs and the Putative Class

17
                     UNITED STATES DISTRICT COURT
18
                   NORTHERN DISTRICT OF CALIFORNIA
19
                          SAN JOSE DIVISION
20

21                                           Case No.  10-cv-02389-JW

22  IN RE: FACEBOOK PRIVACY                  **JOINT CASE MANAGEMENT STATEMENT**
    LITIGATION
23                                           CMC Date: Monday, October 4, 2010
                                             Time:        10:00 a.m.
24                                           Judge:       Hon. James Ware

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    For the initial case management conference ("CMC") set for October 4, 2010, plaintiffs

2  David Gould and Mike Robertson ("Plaintiffs") and defendant Facebook Inc. ("Defendant" and

3  collectively with Plaintiffs, the "Parties") hereby submit this Joint Case Management Statement

4  pursuant to Federal Rule of Civil Procedure 26(f) and Civil Local Rule 16-9.

5    Pursuant to Federal Rule of Civil Procedure 26(f), the Parties held a telephonic meeting of

6  counsel on Friday, September 10, 2010.  Michael J. Aschenbrener participated for plaintiff David

7  Gould.   Kassra P. Nassiri and Charles H. Jung participated for plaintiff Mike Robertson.

8  Matthew D. Brown and James Penning participated for Defendant.

9  **I.    JURISDICTION AND SERVICE**

10    The Parties agree that this Court has subject matter jurisdiction under the Class Action

11  Fairness Act, 28 U.S.C. § 1332(d)(2).  No issues exist regarding personal jurisdiction or venue

12  and no parties remain to be served.

13  **II.    STATEMENT OF CLAIMS AND DEFENSES**

14    This putative class action involves all Facebook users in the United States who clicked on

15  a third-party advertisement displayed on Facebook between May 28, 2006 and March 21, 2010.

16  In short, Plaintiffs claim that Defendant transmitted personal user information belonging to the

17  class to third parties without authorization and in violation of Defendant's agreement with its

18  members.  Plaintiffs, on behalf of the class, allege (1) breach of contract; (2) breach of implied

19  contract; (3) breach of the implied covenant of good faith and fair dealing; (4) violation of the

20  Electronic Communications Privacy Act of 1986; (5) violation of the Stored Communications

21  Act; (6) unfair business practices in violation of California Business and Professions Code §

22  17200 *et seq.*; (7) violation of California Penal Code § 502; (8) violations of California Civil

23  Code §§ 1572, 1573; (9) negligence; (10) negligence per se; (11) unjust enrichment; and (12)

24  violations of California Civil Code § 1750 *et seq.*

25    Defendant Facebook denies liability as to all causes of action by Plaintiffs.  Facebook

26  contends that it has not violated any agreements with its members or transmitted any information

27  belonging to its members to third parties without authorization.  Facebook further denies that this

28  action meets the requirements of class certification under Fed. R. Civ. P. 23 ("Rule 23").

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. CV 10-CV-02389-JW

1

**III. LEGAL ISSUES**

2

The Parties anticipate that disputed legal issues will concern each of the causes of action

3

asserted by Plaintiffs, as well as whether this case may be certified as a class action under Rule

4

23.

5

**IV. MOTIONS**

6

**The following motions have been previously filed in this action**: On July 21, 2010,

7

Plaintiff Mike Robertson filed an Administrative Motion to Consider Whether Cases Should be

8

Related, seeking to relate *Robertson v. Facebook, Inc.*, No. 10-cv-02306-JF and *Gould v.*

9

*Facebook, Inc.*, No. 10-cv-02389-JW. The motion was granted on July 26, 2010.

10

**Possible future motions include the following**: Motion(s) to Dismiss; Motion to Certify

11

Class; Motions for Summary Judgment; discovery motions as necessary, and pre-trial motions.

12

The Parties reserve the right to file other motions.

13

**V. AMENDMENT OF PLEADINGS**

14

On August 10, 2010 the Parties filed a Stipulation and Proposed Order Consolidating

15

Cases for All Purposes ("Consolidation Stipulation") where the Parties had agreed that Plaintiffs

16

would file a consolidated complaint by August 27, 2010. (*See* Consolidation Stipulation ¶ 5.) On

17

August 20, 2010, the Court adopted the Consolidation Stipulation with certain modifications.

18

The Parties disagree on whether the Court's order adopted the stipulated deadline for Plaintiffs to

19

file their consolidated complaint.

20

Plaintiffs request that the Court set October 11, 2010, as the deadline to file a consolidated

21

complaint, and that Defendant's response be due 30 days thereafter. Defendant is not opposed to

22

Plaintiffs' proposal.

23

The Parties propose that a deadline for the amendment of pleadings should be set for a

24

reasonable period before the conclusion of merits discovery. Since the Parties are including

25

herein a proposed schedule through the end of class certification proceedings, the Parties propose

26

that a specific deadline be included in a later proposed case management schedule to be submitted

27

after a decision on class certification.

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO. CV 10-CV-02389-JW**

## VI.   EVIDENCE PRESERVATION

The Parties are aware of their obligation to preserve potentially relevant evidence, including electronically stored information, and have taken steps to comply with their obligations.

Plaintiffs sent a letter to Defendant dated August 24, 2010, which set forth the categories of evidence that, at a minimum, Plaintiffs contend should be preserved.  During the Rule 26 conference, Plaintiffs' counsel inquired about what steps Defendant has taken to preserve potentially relevant information.  Defendant's counsel stated that they had received Plaintiffs' evidence preservation correspondence and that, although not agreeing with the scope of the obligations set forth in the letter, they have taken steps to comply with their obligations, including putting a litigation hold in place.  The Parties have agreed to continue to meet and confer on evidence preservation issues with an eye towards meeting their respective obligations to preserve potentially relevant information.

## VII.   DISCLOSURES

The Parties agree that initial disclosures will be made three weeks following Defendant's response to Plaintiffs' consolidated amended complaint.

## VIII.   DISCOVERY

No discovery has been taken to date.

### A.   Bifurcation of Discovery

The Parties agree that discovery should be bifurcated, with discovery on matters not bearing on class certification issues to be conducted only after the Court issues a decision on class certification.  Phased discovery of this sort (precertification discovery first, followed later by merits discovery) is contemplated by the MANUAL FOR COMPLEX LITIGATION (*see*, *e.g.*, §§ 21.11, 21.14), which states that allowing full merits discovery before a decision on certification "can create unnecessary and extraordinary expense and burden" (*id.* § 21.14).  The Parties recognize that the line between merits and class discovery is not always easy to delineate and agree to meet and confer in good faith on disagreements to determine appropriate limits to class discovery.

**B.      Scope of Discovery**

**1.      Plaintiffs' Statement**

Plaintiffs anticipate both written and oral discovery on both the merits of the case and on issues concerning class certification.  Plaintiffs identify the following categories of discovery listed below.  Plaintiffs reserve the right to add to or otherwise modify these categories as additional facts and legal issues become known to Plaintiffs in preparing for trial.

- The identities of putative class members;

- Defendant's current and past terms and conditions with its members, and any press releases or communications concerning those terms and conditions as they may relate to third-party advertising;

- Defendant's receipt, interception, records, and electronic storage of all member information, communications and activities;

- Defendant's relationship with its advertisers, including, but not limited to, contracts, transactions, payments, and data transmission between Defendant and its advertisers or advertiser-intermediaries, and any press releases or communications related thereto;

- All tracking and accounting data related to advertiser impressions, views, clicks and transactions;

- All authorizations related to Defendant's disclosure of member information to any third party; and

- Defendant's knowledge, investigations, reports, analyses, policies, deliberations and efforts (including, but not limited to, remedial efforts) concerning the transmission or non-transmission of Facebook member information to advertisers or advertiser-intermediaries.

The Parties have conferred concerning the disclosure of electronically-stored information. The Parties have not reached agreement on the appropriate format for production of electronically stored information.  The Parties have agreed to confer further, with the assistance of technical consultants as appropriate, to attempt to reach a mutually satisfactory agreement on the appropriate format for production of electronically stored information  that is responsive to particular discovery requests.

**2.      Defendant's Statement**

Defendant has not yet been served with Plaintiffs' consolidated amended complaint and, thus, its analysis of Plaintiffs' claims against it and potential defenses is necessarily ongoing. Presently, Defendant anticipates that it will seek discovery on subjects including but not limited

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. CV 10-CV-02389-JW

1   to the following: class certification-related issues; Plaintiffs' alleged damages; Plaintiffs'

2   knowledge of the operation of the Facebook website; and Plaintiffs' use of the Facebook website.

3       **C.      Changes to the F.R.C.P. and Local Rule Limits on Discovery**

4           **1.      Timing of Discovery**

5           The Parties have conferred regarding the timing of discovery and agree that responses to

6   discovery propounded by either Party will not be due until a reasonable time after the Court

7   determines the legal sufficiency of Plaintiffs' claims (*i.e.*, until after any motions to dismiss are

8   decided).   Notwithstanding this agreement with respect to discovery propounded by a Party, as

9   stated in section VII, the Parties will make their initial disclosures three weeks following

10  Defendant's response to Plaintiffs' consolidated amended complaint

11          **2.      Modification to Discovery Rules**

12              **a.      Plaintiffs' Statement**

13          Plaintiffs propose ten depositions per side in each phase of the discovery (i.e., ten

14  depositions per side related to class certification issues, and ten additional depositions per side for

15  full merits discovery).   Given the complexity of the case, Plaintiffs request at this time that the

16  Court extend the limit during each phase of discovery to two sets of Rule 30(b)(6) topics.

17          Given the complexity of the case, Plaintiffs will likely require more than twenty-five

18  interrogatories to prove their case.   The facts at issue, which are largely in Defendant's control,

19  are technically complex and likely involve millions of putative class members.   Interrogatories

20  regarding Defendant's data and systems infrastructures, and Defendant's transmission of millions

21  of user's information to third parties, will involve detailed and voluminous data.   Relying

22  primarily on other discovery devices, such as depositions, to obtain this information would be

23  inefficient for all Parties.   Plaintiffs request at this time that they be allowed to propound up to

24  twenty-five (25) additional interrogatories.

25          Plaintiffs reserve the right to seek further modification of the limitations on discovery

26  imposed by the Federal Rules of Civil Procedure or by local rule other than as provided in this

27  report.

28  ///

1                   **b.**       **Defendant's Statement**

2         Defendants do not currently see a need for a modification to the discovery limits set forth

3 in the Federal Rules of Civil Procedure but reserve the right to move for additional depositions or

4 interrogatories if they believe the need arises.

5         **D.**       **Proposed Discovery Plan**

6         See section XVII ("Scheduling") below.

7 **IX.**     **CLASS ACTIONS**

8         **A.**       **Plaintiffs' Statement**

9         Plaintiffs contend that the instant case is maintainable as a class action and plan to move

10 for class certification pursuant to Fed. R. Civ. P. 23. Please see section XVII ("Scheduling")

11 below for a proposal on the timing.

12         **B.**       **Defendant's Statement**

13         Defendant denies that a class should be certified in this action and will oppose any motion

14 for class certification.

15 **X.**     **RELATED CASES**

16         The two related cases, *Gould* and *Robertson*, have now been consolidated. The Parties are

17 not aware of any other related cases pending in the Northern District of California.

18         On August 10, 2010, Defendant filed a Notice of Pendency of Other Actions or

19 Proceedings, listing a number of actions pending in other courts that involve all or a material part

20 of the same subject matter and the same defendant as this action, including *Wendy Marfeo v.*

21 *Facebook, Inc.*, Case No. 10-cv-00262-S-LDA (D.R.I. filed June 17, 2010) and *Rose v.*

22 *Facebook, Inc.*, Case No. 10-cv-00232-S-DLM (D.R.I. filed May 21, 2010). Defendant has not

23 been served in the *Marfeo* action. Plaintiffs contend that the *Rose* case is not related to the instant

24 action.

25 **XI.**     **RELIEF**

26         **A.**       **Plaintiffs' Statement**

27         Plaintiffs seek:

28         -       An order certifying the class, directing that this case proceed as a class action, and

1  appointing Plaintiffs and their counsel to represent Plaintiffs and the class;

2  - An order declaring that the actions of Facebook constitute violations of each cause

3  of action alleged;

4  - An order entering judgment for all statutory and punitive damages authorized by

5  law;

6  - An order awarding restitution for all money to which Plaintiff and the Class are

7  entitled in equity;

8  - An order awarding Plaintiffs and the Class their reasonable litigation expenses and

9  attorneys' fees;

10  - An order awarding Plaintiffs and the Class all pre- and post-judgment interest, to

11  the extent allowable;

12  - An order entering injunctive relief and/or declaratory relief as necessary to protect

13  the interests of Plaintiffs and the Class; and,

14  - An order awarding such other relief as equity and the law may require.

15  **B.  Defendant's Statement**

16  Defendant does not currently anticipate any counterclaims but reserves the right to add

17  such counterclaims in the event that facts arise to support them.

18  **XII.  SETTLEMENT AND ADR**

19  Pursuant to ADR Local Rule 3-5(b), Plaintiffs and Defendant filed ADR Certifications by

20  Parties and Counsel on September 17, 2010.  The Parties are scheduled to participate in an ADR

21  Phone Conference on September 29, 2010.

22  Defendant is amenable to non-judicial private mediation, with such mediation to be held

23  within 45 days of a decision on a class certification motion.  Plaintiffs are amenable to non-

24  judicial private mediation but would like mediation to take place before a decision on class

25  certification.

26  **XIII.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

27  The Parties do not consent to proceed before a Magistrate Judge for all purposes.

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7.

**JOINT CASE MANAGEMENT STATEMENT
CASE NO. CV 10-CV-02389-JW**

**XIV.   OTHER REFERENCES**

The Parties do not believe, at this time, that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XV.   NARROWING OF ISSUES**

At this stage in the proceedings, the Parties are unaware of any issues that can be narrowed by agreement or motion, other than the anticipated motions set forth above.

**XVI.   EXPEDITED SCHEDULE**

The Parties agree that the case is not appropriate for expedited or streamlined procedures.

**XVII.   SCHEDULING**

The following is the Parties' proposed schedule for class certification discovery, briefing, and hearing.

| Event | Proposed Deadline |
|---|---|
| **Completion of Class Certification Fact Discovery** | **Six months** from close of pleadings (*i.e.*, after any motions to dismiss have been decided and, if necessary, Defendant has filed an Answer). |
| **Completion of Class Certification Expert Discovery (if Any)** | **Two months** after completion of class certification fact discovery. During this period, the following will occur on a schedule to be worked out by the Parties: disclosure of experts, service of initial expert reports, rebuttal reports, and depositions. |
| **Deadline to File Any Motion for or to Deny Class Certification** | If class certification expert discovery takes place, then **forty-five  days** after completion of class certification expert discovery. If there is no expert discovery, then **forty-five days** after the completion of class certification fact discovery or the  Parties have confirmed that there will be no expert discovery, whichever is later. |
| **Deadline to File Any Opposition to Motion for Class Certification** | **Forty-five days** after motion for or to deny class certification. |
| **Deadline to file Any Reply on Motion for Class Certification** | **Twenty-one days** after filing of opposition to motion for class certification. |
| **Class Certification Hearing** | **At the Court's convenience** |

**XVIII. TRIAL**

The Parties anticipate that trial is likely to last approximately 10 court days.

1    **XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

2          The Parties are filing concurrently herewith their separate Certification of Interested

3    Entities or Persons.

4          Pursuant to Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-16, Plaintiffs state:

5    No persons, firms, partnerships, corporations (including parent corporations) or other entities

6    known have any: (i) a financial interest in the subject matter in controversy; or (ii) any other kind

7    of interest that could be substantially affected by the outcome of the proceeding.

8          Pursuant to Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-16, Defendant

9    states that as of this date, other than the named parties, there is no such interest to report.

10   **XX.    OTHER MATTERS**

11         There are no other matters that need to be addressed at this time.

12

13                                        Respectfully Submitted,

14
     Dated: September 24, 2010            COOLEY LLP
15

16

17                                        _____/s/_____
                                          Matthew D. Brown (196972)
18                                        Attorneys for Defendant FACEBOOK INC.

19

20
     Dated:  September 24, 2010           EDELSON MCGUIRE LLC
21

22

23                                        _____/s/_____
                                          Benjamin H. Richman (pro hac vice)
24                                        Attorneys for Plaintiffs

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

                                         9.

1    Dated:  September 24, 2010                    NASSIRI & JUNG LLP

2

3                                                                              /s/
                                                 Kassra P. Nassiri
4                                                Attorneys for Plaintiffs

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

                                                 10.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. CV 10-CV-02389-JW

1

## <u>ATTESTATION PURSUANT TO GENERAL ORDER 45</u>

2       I, Matthew D. Brown, attest that concurrence in the filing of this Joint Case Management

3  Statement has been obtained from each of the other signatories.

4

5                                                    /s/ Matthew D. Brown
                                                     Matthew D. Brown
6

7

8
885491 v3/HN
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11.

**JOINT CASE MANAGEMENT STATEMENT
CASE NO. CV 10-CV-02389-JW**