1   COOLEY LLP
    MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2   MATTHEW D. BROWN (196972) (brownmd@cooley.com)
    JAMES M. PENNING (229727) (jpenning@cooley.com)
3   101 California Street
    5th Floor
4   San Francisco, CA 94111-5800
    Telephone:     (415) 693-2000
5   Facsimile:     (415) 693-2222

6   Attorneys for Defendant
    FACEBOOK, Inc., a Delaware corporation
7
8   NASSIRI & JUNG LLP
    KASSRA P. NASSIRI (215405) (knassiri@nassiri-jung.com)
    CHARLES H. JUNG (217909) (cjung@nassiri-jung.com)
9   47 Kearny Street, Suite 700
    San Francisco, California 94108
10  Telephone: (415) 762-3100
    Facsimile: (415) 534-3200
11
    EDELSON MCGUIRE LLP                    MICHAEL J. ASCHENBRENER
12  SEAN REIS (184044) (sreis@edelson.com) (maschenbrener@edelson.com)
    30021 Tomas Street, Suite 300          BENJAMIN H. RICHMAN
13  Rancho Santa Margarita, CA 92688       (brichman@edelson.com)
    Telephone:     (949) 450-2124          350 North LaSalle Street, Suite 1300
14  Facsimile: (949) 459-2123              Chicago, Illinois 60654
                                           Telephone:     (312) 589-6370
15                                         Facsimile: (312) 589-6378

16  Attorneys for Plaintiffs and the Putative Class

17                      UNITED STATES DISTRICT COURT

18                      NORTHERN DISTRICT OF CALIFORNIA

19                            SAN JOSE DIVISION

20

21                                         Case No. 10-cv-02389-JW

22  IN RE: FACEBOOK PRIVACY               **JOINT CASE MANAGEMENT STATEMENT**
    LITIGATION
23                                         CMC Date: Monday, November 15, 2010
                                           Time:      10:00 a.m.
24                                         Judge:     Hon. James Ware

25

26

27

28

1      For the initial case management conference ("CMC") set for November 15, 2010,

2  plaintiffs David Gould and Mike Robertson ("Plaintiffs") and defendant Facebook Inc.

3  ("Defendant" and collectively with Plaintiffs, the "Parties") hereby submit this Joint Case

4  Management Statement pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9,

5  and this Court's Order dated September 29, 2010.

6      Pursuant to Federal Rule of Civil Procedure 26(f), the Parties held a telephonic meeting of

7  counsel on Friday, September 10, 2010.  Michael J. Aschenbrener participated for plaintiff David

8  Gould.  Kassra P. Nassiri and Charles H. Jung participated for plaintiff Mike Robertson.

9  Matthew D. Brown and James Penning participated for Defendant.

10  **I.**      **JURISDICTION AND SERVICE**

11      The Parties agree that this Court has subject matter jurisdiction under the Class Action

12  Fairness Act, 28 U.S.C. § 1332(d)(2).  No issues exist regarding personal jurisdiction or venue

13  and no parties remain to be served.

14  **II.**     **STATEMENT OF CLAIMS AND DEFENSES**

15      This putative class action involves all Facebook users in the United States who clicked on

16  a third-party advertisement displayed on Facebook between May 28, 2006 and March 21, 2010.

17  In short, Plaintiffs claim that Defendant transmitted personal user information belonging to the

18  class to third parties without authorization and in violation of Defendant's agreement with its

19  members.  Plaintiffs, on behalf of the class, allege (1) breach of contract; (2) breach of implied

20  contract; (3) breach of the implied covenant of good faith and fair dealing; (4) violation of the

21  Electronic Communications Privacy Act of 1986; (5) violation of the Stored Communications

22  Act; (6) unfair business practices in violation of California Business and Professions Code §

23  17200 *et seq.*; (7) violation of California Penal Code § 502; (8) violations of California Civil

24  Code §§ 1572, 1573; (9) negligence; (10) negligence per se; (11) unjust enrichment; and (12)

25  violations of California Civil Code § 1750 *et seq.*

26      Defendant Facebook denies liability as to all causes of action by Plaintiffs.  Facebook

27  contends that it has not violated any agreements with its members or transmitted any information

28  belonging to its members to third parties without authorization.  Facebook further denies that this

1.

1  action meets the requirements of class certification under Fed. R. Civ. P. 23 ("Rule 23").

2  **III.   LEGAL ISSUES**

3      The Parties anticipate that disputed legal issues will concern each of the causes of action

4  asserted by Plaintiffs, as well as whether this case may be certified as a class action under Fed. R.

5  Civ. P. 23.

6  **IV.   MOTIONS**

7      **The following motions have been previously filed in this action**:  On July 21, 2010,

8  Plaintiff Mike Robertson filed an Administrative Motion to Consider Whether Cases Should be

9  Related, seeking to relate *Robertson v. Facebook, Inc.*, No. 10-cv-02306-JF and *Gould v.*

10  *Facebook, Inc.*, No. 10-cv-02389-JW.  The motion was granted on July 26, 2010.  On November

11  4, 2010, Defendant Facebook filed an Administrative Motion to Extend Deadline to Respond to

12  Plaintiffs' Consolidated Class Action Complaint.  The motion was granted on November 5, 2010.

13      **Possible future motions include the following**: Motion(s) to Dismiss; Motion to Certify

14  Class; Motions for Summary Judgment; discovery motions as necessary, and pre-trial motions.

15  The Parties reserve the right to file other motions.

16  **V.   AMENDMENT OF PLEADINGS**

17      Per Court Order (Dkt. 35), Plaintiffs filed a Consolidated Complaint on October 11, 2010

18  (Dkt. 36).  Defendant's response is due December 10, 2010.

19      The Parties propose that a deadline for the amendment of pleadings should be set for a

20  reasonable period prior to the conclusion of merits discovery.  Since the Parties are including

21  herein a proposed schedule through the end of class certification proceedings, the Parties propose

22  that a specific deadline be included in a later proposed case management schedule to be submitted

23  after a decision on class certification.

24  **VI.   EVIDENCE PRESERVATION**

25      The Parties are aware of their obligation to preserve relevant evidence, including

26  electronically stored information, and have taken steps to comply with their obligations.

27      Plaintiffs sent a letter to Defendant dated August 24, 2010, which set forth the categories

28  of evidence that, at a minimum, Plaintiffs contend should be preserved.  During the Rule 26

2.

conference, Plaintiffs' counsel inquired about what steps Defendant has taken to preserve potentially relevant information.  Defendant's counsel stated that they had received Plaintiffs' evidence preservation correspondence and that, although not agreeing with the scope of the obligations set forth in the letter, they have taken steps to comply with their obligations, including putting a litigation hold in place.  The Parties have agreed to continue to meet and confer on evidence preservation issues with an eye towards meeting their respective obligations to preserve potentially relevant information.

**VII.   DISCLOSURES**

The Parties had previously agreed that initial disclosures would be made three weeks following Defendant's response to Plaintiffs' consolidated amended complaint.  However, in light of the Court's November 5, 2010 Order extending Facebook's time to respond to the Consolidated Complaint, Plaintiffs believe that initial disclosures should be made no later than December 3, 2010.  Defendant maintains that initial disclosures should be due three weeks following Defendant's response to Plaintiffs' consolidated amended complaint.

**VIII.   DISCOVERY**

Plaintiffs have propounded written discovery, including interrogatories and document requests.

   **A.      Bifurcation of Discovery**

The Parties agree that discovery should be bifurcated, with discovery on matters not bearing on class certification issues to be conducted only after the Court issues a decision on class certification.  Phased discovery of this sort (precertification discovery first, followed later by merits discovery) is contemplated by the MANUAL FOR COMPLEX LITIGATION (*see, e.g.*, §§ 21.11, 21.14), which states that allowing full merits discovery before a decision on certification "can create unnecessary and extraordinary expense and burden" (*id.* § 21.14).  The Parties recognize that the line between merits and class discovery is not always easy to delineate and agree to meet and confer in good faith on disagreements to determine appropriate limits to class discovery.

**B.** **Scope of Discovery**

**1.** **Plaintiffs' Statement**

Plaintiffs anticipate both written and oral discovery on both the merits of the case and on issues concerning class certification. Plaintiffs identify the following categories of discovery listed below. Plaintiffs reserve the right to add to or otherwise modify these categories as additional facts and legal issues become known to Plaintiffs in preparing for trial.

- The identities of putative class members;

- Defendant's current and past terms and conditions with its members, and any press releases or communications concerning those terms and conditions as they may relate to third-party advertising;

- Defendant's receipt, interception, records, and electronic storage of all member information, communications and activities;

- Defendant's relationship with its advertisers, including, but not limited to, contracts, transactions, payments, and data transmission between Defendant and its advertisers or advertiser-intermediaries, and any press releases or communications related thereto;

- All tracking and accounting data related to advertiser impressions, views, clicks and transactions;

- All authorizations related to Defendant's disclosure of member information to any third party; and

- Defendant's knowledge, investigations, reports, analyses, policies, deliberations and efforts (including, but not limited to, remedial efforts) concerning the transmission or non-transmission of Facebook member information to advertisers or advertiser-intermediaries.

The Parties have conferred concerning the disclosure of electronically-stored information. The Parties have not reached agreement on the appropriate format for production of electronically stored information. The Parties have agreed to confer further, with the assistance of technical consultants as appropriate, to attempt to reach a mutually satisfactory agreement on the appropriate format for production of electronically stored information that is responsive to particular discovery requests.

**2.** **Defendant's Statement**

Presently, Defendant anticipates that it will seek discovery on subjects including but not limited to the following: class certification-related issues; Plaintiffs' alleged damages; Plaintiffs' knowledge of the operation of the Facebook website; and Plaintiffs' use of the Facebook website.

4.

**C.    Changes to the F.R.C.P. and Local Rule Limits on Discovery**

### 1.    Timing of Discovery

The Parties previously conferred regarding the timing of discovery and agreed that responses to discovery propounded by either Party would not be due until a reasonable time after the Court determined the legal sufficiency of Plaintiffs' claims (*i.e.*, until after any motions to dismiss are decided).  However, in light of the Court's November 5, 2010 Order extending Facebook's time to respond to the consolidated amended complaint and other developments described in section X, Plaintiffs maintain that discovery should commence immediately. Defendant maintains that discovery responses should not be due until a reasonable time after the Court determines the legal sufficiency of Plaintiffs' claims.  The Parties have agreed to continue to meet and confer on these issues.

### 2.    Modification to Discovery Rules

#### a.    Plaintiffs' Statement

Plaintiffs propose ten depositions per side in each phase of the discovery (i.e., ten depositions per side related to class certification issues, and ten additional depositions per side for full merits discovery). Given the complexity of the case, Plaintiffs request at this time that the Court extend the limit during each phase of discovery to two sets of Rule 30(b)(6) topics.

Given the complexity of the case, Plaintiffs will likely require more than twenty-five interrogatories to prove their case. The facts at issue, which are largely in Defendant's control, are technically complex and likely involve millions of putative class members. Interrogatories regarding Defendant's data and systems infrastructures, and Defendant's transmission of millions of user's information to third parties, will involve detailed and voluminous data. Relying primarily on other discovery devices, such as depositions, to obtain this information would be inefficient for all Parties. Plaintiffs request at this time that they be allowed to propound up to twenty-five (25) additional interrogatories.

Plaintiffs reserve the right to seek further modification of the limitations on discovery imposed by the Federal Rules of Civil Procedure or by local rule other than as provided in this report.

### b.     Defendant's Statement

Defendants do not currently see a need for a modification to the discovery limits set forth in the Federal Rules of Civil Procedure but reserve the right to move for additional depositions or interrogatories if they believe the need arises.

### D.     Proposed Discovery Plan

See section XVII ("Scheduling") below.

## IX.   CLASS ACTIONS

### A.     Plaintiffs' Statement

Plaintiffs contend that the instant case is maintainable as a class action and plan to move for class certification pursuant to Fed. R. Civ. P. 23.  Please see section XVII ("Scheduling") below for a proposal on the timing.

### B.     Defendant's Statement

Defendant denies that a class should be certified in this action and will oppose any motion for class certification.

## X.   RELATED CASES

The two instant cases, *Gould* and *Robertson*, have now been consolidated and bear the caption "*In re: Facebook Privacy Litigation*."

As Defendant previously notified the Court, a related action was filed in the District of Rhode Island, captioned *Marfeo v. Facebook, Inc*., Case No. 10-cv-00262-S-LDA (D.R.I. filed June 17, 2010).  In *Marfeo*, the parties filed a stipulation to transfer the action, and on November 1, 2010, the Court entered an order transferring *Marfeo* from the District of Rhode Island to this Court.

Additionally, following the filing of Plaintiffs' Consolidated Complaint, seven additional cases were filed in the Northern District of California that contain allegations against Facebook, Zynga Game Network Inc. ("Zynga"), or some combination thereof, that pertain to the instant suit.  Specifically, these cases are:

- *Graf v. Zynga Game Network, Inc.*, 3:10-cv-4680-WHA, (N.D. Cal.) (filed Oct. 18, 2010);

6.

- *Albini v. Zynga Game Network, Inc. and Facebook, Inc.*, 3:10-cv-4723-JL (N.D. Cal.) (filed Oct. 19, 2010);

- *Gudac v. Zynga Game Network Inc.*, 3:10-cv-4793-EMC (N.D.Cal.) (filed Oct. 22, 2010);

- *Schreiber v. Zynga Game Network, Inc.*, 3:10-cv-4794-RS (N.D. Cal.) (filed Oct. 22, 2010);

- *Swanson v. Zynga Game Network, Inc.*, 5:10-cv-4092-HRL (N.D. Cal. (filed Oct. 28, 2010);

- *Carmel-Jessup v. Facebook, Inc. and Zynga Game Network, Inc.*, 3:10-cv-4930-MEJ (N.D. Cal.) (filed Oct. 29, 2010); and,

- *Phee v. Facebook, Inc. and Zynga Game Network, Inc.*, 3:10-cv-4935-SC (N.D. Cal.) (filed November 1, 2010).

Facebook believes that these seven cases should be related to the instant matter. On November 5, 2010, Zynga filed a motion to relate the cases. Plaintiffs do not oppose relating the cases. Facebook may also seek consolidation of these seven cases with the instant cases. Plaintiffs maintain that the cases should not be consolidated and would oppose any such consolidation request.

## XI.    RELIEF

### A.    Plaintiffs' Statement

Plaintiffs seek:

- An order certifying the class, directing that this case proceed as a class action, and appointing Plaintiffs and their counsel to represent Plaintiffs and the class;

- An order declaring that the actions of Facebook constitute violations of each cause of action alleged;

- An order entering judgment for all statutory and punitive damages authorized by law;

- An order awarding restitution for all for all money to which Plaintiff and the Class are entitled in equity;

- An order awarding Plaintiffs and the Class their reasonable litigation expenses and attorneys' fees;

- An order awarding Plaintiffs and the Class all pre- and post-judgment interest, to

7.

1    the extent allowable;

2    -    An order entering injunctive relief and/or declaratory relief as necessary to

3    protect the interests of Plaintiffs and the Class; and,

4    -    An order awarding such other relief as equity and the law may require.

5    **B.    Defendant's Statement**

6    Defendant does not currently anticipate any counterclaims but reserves the right to add

7    such counterclaims in the event that facts arise to support them.

8    **XII.    SETTLEMENT AND ADR**

9    Pursuant to ADR Local Rule 3-5(b), Plaintiffs and Defendant filed ADR Certifications by

10   Parties and Counsel on September 17, 2010.  The Parties participated in an ADR Phone

11   Conference on September 29, 2010.

12   Defendant is amenable to non-judicial private mediation, with such mediation to be held

13   within 45 days of a decision on a class certification motion.  Plaintiffs are amenable to non-

14   judicial private mediation but would like mediation to take place before a decision on class

15   certification.

16   **XIII.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

17   The Parties do not consent to proceed before a Magistrate Judge for all purposes.

18   **XIV.    OTHER REFERENCES**

19   The Parties do not believe, at this time, that this case is suitable for reference to binding

20   arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

21   **XV.    NARROWING OF ISSUES**

22   At this stage in the proceedings, the Parties are unaware of any issues that can be

23   narrowed by agreement or motion, other than the anticipated motions set forth above.

24   **XVI.    EXPEDITED SCHEDULE**

25   The Parties agree that the case is not appropriate for expedited or streamlined procedures.

26   **XVII. SCHEDULING**

27   The following is the Parties' proposed schedule for class certification discovery, briefing,

28   and hearing.

8.

| Event | Proposed Deadline |
|---|---|
| **Completion of Class Certification Fact Discovery** | **Six months** from close of pleadings (*i.e.*, after any motions to dismiss have been decided and, if necessary, Defendant has filed an Answer). |
| **Completion of Class Certification Expert Discovery (if Any)** | **Two months** after completion of class certification fact discovery. During this period, the following will occur on a schedule to be worked out by the parties: disclosure of experts, service of initial expert reports, rebuttal reports, and depositions. |
| **Deadline to File Any Motion for or to Deny Class Certification** | If class certification expert discovery takes place, then **forty-five days** after completion of class certification expert discovery. If there is no expert discovery, then **forty-five days** after the completion of class certification fact discovery after the Parties have confirmed that there will be no expert discovery, whichever is later. |
| **Deadline to File Any Opposition to Motion for Class Certification** | **Forty-five days** after motion for or to deny class certification. |
| **Deadline to file Any Reply on Motion for Class Certification** | **Twenty-one days** after filing of opposition to motion for class certification. |
| **Class Certification Hearing** | **At the Court's convenience** |

## XVIII. TRIAL

The Parties anticipate that trial is likely to last approximately 10 court days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Pursuant to Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-16, Plaintiffs state: No persons, firms, partnerships, corporations (including parent corporations) or other entities known have any: (i) a financial interest in the subject matter in controversy; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

On September 24, 2010, Facebook filed its Certification of Interested Entities as required by Civil Local Rule 3-16. Pursuant to Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-16, Defendant states that its prior certification remains accurate, and that as of this date, other than the named parties, there is no such interest to report.

9.

**XX.     OTHER MATTERS**

There are no other matters that need to be addressed at this time.


                                        Respectfully Submitted,

Dated: November 5, 2010                 COOLEY LLP


                                        _____/s/ James M. Penning_____
                                        James M. Penning (229727)
                                        Attorneys for Defendant FACEBOOK INC.

Dated: November 5, 2010                 EDELSON MCGUIRE LLC


                                        _____/s/ Michael J. Aschenbrener_____
                                        Michael J. Aschenbrener (pro hac vice)
                                        Attorneys for Plaintiffs

Dated: November 5, 2010                 NASSIRI & JUNG LLP


                                        _____/s/ Kassra P. Nassiri_____
                                        Kassra P. Nassiri
                                        Attorneys for Plaintiffs

## ATTESTATION PURSUANT TO GENERAL ORDER 45

I, James M. Penning, attest that concurrence in the filing of this Joint Case Management Statement has been obtained from each of the other signatories.


                */s/ James M. Penning*
                James M. Penning

895904 v1/HN

11.