**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re: Facebook Privacy Litigation _____/ Nancy Graf, _____/ Shelly Albini, _____/ Valerie Gudac, et al., _____/ Howard L. Schreiber, _____/ John Swanson, _____/ Carmel-Jessup, _____/ Iris Phee, et al.,       Plaintiffs,   v. Zynga Game Network, Inc., et al.       Defendants. _____/ | NO. C 10-02389 JW<br>NO. C 10-04680 WHA<br>NO. C 10-04723 JL<br>NO. C 10-04793 EMC<br>NO. C 10-04794 JCS<br>NO. C 10-04902 HRL<br>NO. C 10-04930 MEJ<br>NO. C 10-04935 SC<br><br>**ORDER GRANTING MOTION TO RELATE CASES** |

Presently before the Court is Defendant Zynga Game Network's ("Zynga") Motion to Consider Whether Cases Should be Related.[1] Defendant Zynga seeks the Court's determination as to whether Graf v. Zynga, Case No. CV 10-04680-WHA, Albini v. Zynga; Facebook, Inc., Case No. CV 10-04723-JL, Gudac v. Zynga, Case No. CV 10-04793-EMC, Schreiber v. Zynga, Case No. CV 10-04794-JCS, Swanson v. Zynga, Case No. 10-04902-HRL, Carmel-Jessup v. Facebook; Zynga, Case No. 10-04930-MEJ and Phee v. Facebook; Zynga, Case No. CV 10-04935-SC, should be related to In Re: Facebook Privacy Litigation, Case No. CV 10-02389-JW. Defendant Zynga contends that all cases arise from substantially similar factual allegations that "referrer headers" within some Facebook users' web browsers caused user information to be leaked to third parties, involve overlapping legal claims and involve overlapping parties on both sides of the litigation. (Motion at 1.)

Civil Local Rule 3-12(a) provides:

An action is related to another action when:
(1) The action concerns substantially the same parties, property, transaction or event; and
(2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges.

Here, the Court finds that the eight actions involve substantially the same transactions, events and parties.[2] Plaintiffs in all cases allege that via Referrer Headers sent to third parties, Zynga and Facebook allegedly disclosed unique Facebook user identification numbers ("UID"), allowing third parties to obtain information about users and their activities online. All cases involve

---

[1] (See Administrative Motion to Consider Whether Cases Should be Related, hereafter, "Motion," CV 10-02389 JW, Docket Item No. 41.)

[2] (Compare Class Action Complaint, CV 10-04680-WHA, Docket Item No. 1; Class Action Complaint for (1) Violation of the Electronic Communications Privacy Act; (2) Violation of the Stored Communications Act; (3) Violation of Cal. Bus. & Prof. Code § 17200; (4) Violation of California's Computer Crime Law; (5) Breach of Contract; (6) Violation of Cal. Civ. Code §§ 1572 & 1573; and (7) Unjust Enrichment, CV 10-04273-JL, Docket Item No. 1; Class Action Complaint, CV 10-04793-EMC, Docket Item No. 1; Class Action Complaint, CV 10-04794-JCS, Docket Item No. 1; Class Action Complaint, CV 10-04902-HRL, Docket Item No. 1; Class Action Complaint for Violations of the Electronic Privacy Act, the Stored Communications Act, the California Consumer Legal Remedies Act, Computer Crime Law, Breach of Contract, Fraud, Negligent Misrepresentation and Unfair Trace Practices, CV 10-04930-MEJ, Docket Item No. 1; and Class Action Complaint, CV 10-04935-SC, Docket Item No. 1 with Consolidated Class Action Complaint, CV 10-02389-JW, Docket Item No. 36.)

2

overlapping causes of action and factual inquiries. The Court also finds that the two actions pose a substantial risk of inconsistent judgments. In light of the substantial similarity of parties, events and causes of action, the Court finds that there is a risk of "an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." Thus, the Court finds that the cases are related within the meaning of Rule 3-12(a).

Accordingly, the Clerk of Court shall immediately relate Graf v. Zynga, Case No. CV 10-04680-WHA, Albini v. Zynga; Facebook, Inc., Case No. CV 10-04723-JL, Gudac v. Zynga, Case No. CV 10-04793-EMC, Schreiber v. Zynga, Case No. CV 10-04794-JCS, Swanson v. Zynga, Case No. 10-04902-HRL, Carmel-Jessup v. Facebook; Zynga, Case No. 10-04930-MEJ and Phee v. Facebook; Zynga, Case No. CV 10-04935-SC, to In Re: Facebook Privacy Litigation, Case No. CV 10-02389-JW.

Defendant Zynga, in its Motion to Relate, raises the issue of whether these related actions should be consolidated into a single action. The Court invites the parties to fully brief the issue. On or before **November 22, 2010**, the parties shall file briefs as to whether these related actions should be consolidated into the current action, In Re: Facebook Privacy Litigation or consolidated as a separate action, In Re: Zynga Litigation. In their briefs, the parties shall nominate Lead Plaintiffs as well as Lead Counsel. The Court will take the parties' briefs under submission without oral argument. See Civ. L.R. 7-1(b).

Dated: November 12, 2010

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Benjamin Harris Richman brichman@edelson.com
Charles Hyunchul Jung cjung@nassiri-jung.com
James M. Penning jpenning@cooley.com
Jay Edelson jedelson@edelson.com
Kassra Powell Nassiri knassiri@nassiri-jung.com
Matthew Dean Brown mbrown@cooley.com
Michael James Aschenbrener maschenbrener@edelson.com
Richard L. Seabolt rlseabolt@duanemorris.com
Sean Patrick Reis sreis@edelson.com

**Dated:  November 12, 2010**                    **Richard W. Wieking, Clerk**

                                                  **By:    /s/ JW Chambers           **
                                                          **Elizabeth Garcia**
                                                          **Courtroom Deputy**