Richard L. Seabolt (SBN 67469)
Suzanne R. Fogarty (SBN 154319)
Oliver E. Benn (SBN 244618)
**DUANE MORRIS LLP**
Spear Tower, One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: 415.957.3000
Facsimile:  415.957.3001
E-mail:    RLSeabolt@DuaneMorris.com
           SRFogarty@DuaneMorris.com
           OBenn@DuaneMorris.com

Attorneys for Defendant,
ZYNGA INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| In Re:  Facebook Privacy Litigation | NO. C 10-02389 JW |
| Nancy Graf, | NO. C 10-04680 JW |
| Shelly Albini, | NO. C 10-04723 JW |
| Valerie Gudac, et al., | NO. C 10-04793 JW |
| Howard L. Schreiber, | NO. C 10-04794 JW |
| John Swanson, | NO. C 10-04902 JW |
| Carmel-Jessup,[1] | NO. C 10-04930 JW[1] |
| Iris Phee, et al., | NO. C 10-04935 JW |
| Karen Bryant, et al. | NO. C 10-04935 PVT |
| Plaintiffs, | |
| v. | **ZYNGA INC.'S RESPONSE TO REQUEST FOR BRIEFING RE: CASE CONSOLUIDATION** |
| Zynga Inc., et al. | |
| Defendants | |

---

[1] On November 22, 2010, *Carmel-Jessup* was dismissed without prejudice by the plaintiff in that case.

## I. INTRODUCTION

On November 15, 2010, the Court issued its Order Granting Motion to Relate Cases, and related the various class actions that had been filed against Zynga Inc.[2] as of that date to the consolidated class action *In Re: Facebook Privacy Litigation*, case no. 5:10-cv-02389-JW. The Court's order also invited briefing on issues relating to case consolidation and the nomination of Lead Plaintiffs and Lead Counsel on or before November 22, 2010. On November 19, 2010, the Court issued an order relating an additional action filed by additional plaintiffs (Bryant and Brock) on November 16, 2010, and again invited briefing on the same issues with the same briefing due date.

Zynga believes, as the Court's orders suggest, that all of the complaints filed against *Zynga* since October 19, 2010 should be consolidated into one action (as either *In Re: Zynga Litigation* or *In Re: Zynga Privacy Litigation*). But Zynga believes that the issue of whether those cases can be consolidated with the pre-existing *In Re: Facebook Privacy Litigation* should be deferred until more is known about the scope and nature of the various claims that have been and may be made. *In Re: Facebook Privacy Litigation* is a consolidated action arising from a complaint that was first filed on May 28, 2010, nearly six months ago, and is in a procedural posture quite different from the Zynga cases that are only weeks old. While there may be some efficiencies to be garnered, there are also differences in the two groups of cases, including the nature of the claimed transactions and events and the size and composition of the putative classes as described further below.

Zynga takes no position on the issue of Lead Plaintiffs and Lead Plaintiffs' Counsel.

## II. DISCUSSION

Federal Rule of Civil Procedure 42(a) of the permits consolidation of "actions involving a common question of law or fact." To determine whether to consolidate, a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. See *Southwest Marine, Inc. v. Triple A Machine Shop, Inc.*, 720 F.Supp. 805, 807

---

[2] Zynga recently changed its corporate name from Zynga Game Network Inc. to Zynga Inc.

BRIEFING RE: CONSOLIDATION
CASE NO. 10-CV-02389-JW              1

(N.D.Cal. 1989). As the Ninth Circuit has stated, "Consolidation is within the broad discretion of the district court." *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987).

### A. The Complaints Filed Since October 19, 2010 Should be Consolidated as *In Re: Zynga Litigation.*

On October 18, 2010, the *Wall Street Journal* published an article concerning how "referrer headers" within some users' web browsers caused user information to be leaked to third parties when users took certain actions within applications on Facebook's online social networking platform. Emily Steel and Geoffrey A. Fowler, *Facebook in Online Privacy Breach; Top-Ranked Applications Transmit Personal UIDs, a Journal Investigation Finds*, WALL ST. J., Oct. 18, 2010, at A1. During the following four weeks, eight class actions were filed in the Northern District of California directly relating to the subject matter of the article. The seven remaining cases all name Zynga as a defendant.[3] Only two of these cases name Facebook as a defendant.[4]

The seven complaints make substantially similar, and in some instances virtually identical, allegations. They claim that via "referrer headers" sent to third parties, Zynga and, where named as a defendant, Facebook allegedly disclosed Facebook user identification numbers ("Facebook UIDs") to third parties. *See, e.g. Albini* Complaint, ¶¶ 14-15, 39-41; *Gudac* Complaint ¶¶ 29-31, 34; *Schreiber* Complaint ¶¶ 18-19; *Graf* Complaint, ¶¶ 17-18; *Swanson* Complaint ¶¶ 19-22. This allegedly allowed third parties to obtain information about users and their activities online. *Id.* The *Wall Street Journal* article referenced in these complaints emphasized that there was no evidence the application developers had any idea that the "referrer headers" were sharing the Facebook UIDs. Moreover, Facebook has subsequently stated that any sharing by developers was "inadvertent[]." Mike Vernal, *Encrypting Facebook UIDs*, FACEBOOK DEVELOPER BLOG, Oct. 21, 2010 (avail. at http://developers.facebook.com/blog/post/419).

Because the allegations of the complaints against Zynga are essentially identical, those seven cases should be consolidated for all purposes. *See*, Kendall, Seeborg, Shartsis, Smith, Matthew

---

[3] *Carmel-Jessup*, no. 5:10-cv-04930, was recently dismissed without prejudice by the plaintiff.

[4] *Albini*, no. 3:10-cv-04723, initially named Facebook as a defendant, but Facebook was later dismissed. *Carmel-Jessup*, case no. 5:10-cv-04930, was dismissed in its entirety without prejudice.

Bender Practice Guide: Fed. Pretrial Civil Proc. in Calif. (2010) Vol. 2, Ch. 18, § 18.06. Moreover, the Court should order that the plaintiffs in those cases file a consolidated complaint. *See, e.g., Katz v. Realty Equities Corp.*, 521 F.2d 1354, 1358 (2d Cir. 1975); *Bowman v. Legato Sys., Inc.*, 195 F.R.D. 655, 656-657 (N.D.Cal. 2000). The cases should be consolidated as *In Re: Zynga Litigation* or *In Re: Zynga Privacy Litigation*.

> **B.      The Complaints Filed Since October 19, 2010 Should Not Be Consolidated With *In Re: Facebook Privacy Litigation* At This Time.**

The issues in the recently filed *Zynga* cases are, as Zynga stated in its earlier motion, related to the *In Re: Facebook Privacy Litigation* cases because both involve "referrer headers." However, they implicate different factual, legal and procedural issues in several respects. While it may be convenient to consolidate all of the cases, those differences warrant keeping the two sets of actions separate at this time.

First, the factual allegations are different. *In Re: Facebook Privacy Litigation* concerns alleged leakage of Facebook UIDs directly through facebook.com when users clicked on ads appearing on Facebook's website. These lawsuits, which were first filed on May 28, 2010, arose following a different *Wall Street Journal* article from May of this year. Emily Steel and Jessica E. Vascellaro, *Facebook, MySpace Confront Privacy Loophole*, WALL ST. J., May 21, 2010.

Here, the allegations arise from the alleged leakage of Facebook UIDs when users interacted with various Facebook applications, such as Zynga's games, and then clicked on third-party ads. On a technical level, the way that the Facebook UIDs allegedly reached third parties from applications within the Facebook platform or canvas is different from the mechanism by which Facebook UIDs allegedly reached third parties in *In Re: Facebook Privacy Litigation*. Facebook stated that it fixed the earlier problem shortly after the May article was published (and no one has asserted to the contrary). *See* Matt Jones, *Protecting Privacy with Referrers*, FACEBOOK ENGINEERING BLOG, May 26, 2010 ( http://www.facebook.com/note.php?note_id=392382738919 ).

The differences in the cases appear to be confirmed by the fact that the same plaintiffs' counsel representing the plaintiffs in *In Re: Facebook Privacy Litigation* chose to file a *separate*

action against Zynga (*Graf v. Zynga*, case no. 3:10-cv-04680) rather than simply adding Zynga as a defendant in the existing litigation.[5]

On a practical and procedural level, it also would be prudent not to consolidate the recently filed *Zynga* and *In Re: Facebook Privacy Litigation* at this time. On November 10, 2010, after Zynga filed its motion to relate the cases, but before the Court ruled on that motion, the Court issued a Scheduling Order in *In Re: Facebook Privacy Litigation*, ordering all class discovery to be conducted promptly and anticipating a hearing on a class certification motion in June of next year. It would be impractical to have the *Zynga* cases placed on this schedule.[6] The plaintiffs will require time to consolidate their complaints,[7] and – based on the allegations in the unconsolidated complaints – Zynga anticipates filing a motion to dismiss. Moreover, discovery cannot take place in the *Zynga* cases because a Rule 26(f) meeting is yet to take place. This contrasts with *In Re: Facebook Privacy Litigation* where the Court already has set a class discovery schedule and many subpoenas already have been issued. If the cases are consolidated with *In Re: Facebook Privacy Litigation*, the Court would have to decide between placing the parties to the newer cases on an unrealistically narrow timeframe, or continuing the class discovery and certification schedule the Court only just set in *In Re: Facebook Privacy Litigation*. *Cf. In re Juniper Networks, Inc. Sec. Litig.*, Case No. C 06-04327 (Dkt. No. 162) (Ware, J.) ("To consolidate these actions now would be unduly prejudicial to Plaintiffs, who are ready to commence discovery in the *Juniper* action . . .").

Zynga's position is not that these actions should never be consolidated, but only that it would be premature to consolidate the actions now.

///

///

---

[5] In fact, consistent with the October 18, 2010 Wall Street Journal article that indicated this newer issue was common to all developers rather than Zynga specifically, plaintiffs' counsel, Michael Aschenbrener of Edelson McGuire, LLC, has indicated that other developers may be sued. *See*, http://www.gamertell.com/gaming/comment/class-action-lawsuit-filed-against-zynga/. It is not yet clear whether that will or will not occur.

[6] Zynga notes that complaints are still being filed – the *Bryant* case was filed the day after this Court issued its order relating the earlier cases.

[7] Zynga does not even know now whether there will be a dispute among plaintiffs' counsel regarding Lead Plaintiffs and Lead Counsel.

### III. PLAINTIFFS AND PLAINTIFFS' COUNSEL ISSUES

Zynga takes no position on the appointment of Lead Plaintiffs and Lead Plaintiffs' Counsel.

### IV. CONCLUSION

For all the foregoing reasons, Zynga respectfully requests that the seven cases filed since October 18, 2010 should be consolidated for all purposes as *In Re: Zynga Litigation* or *In Re: Zynga Privacy Litigation* and that the plaintiffs should be ordered to file a consolidated complaint.

Dated: November 22, 2010                    DUANE MORRIS LLP

By: _____/s/_____
Richard L. Seabolt
Suzanne R. Fogarty
Oliver E. Benn
Attorneys for Defendant,
ZYNGA INC.

DM1\2410474.3