**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re: Facebook Privacy Litigation, _____/ <br><br> Nancy Graf, _____/ <br><br> Shelly Albini, _____/ <br><br> Valeria Gudac, et al., _____/ <br><br> Howard L. Schreiber, _____/ <br><br> John Swanson, _____/ <br><br> Carmel-Jessup, _____/ <br><br> Iris Phee, et al., _____/ <br><br> Karen Bryant, et al., <br>      Plaintiffs, <br> v. <br> Zynga Game Network, Inc., et al., <br>      Defendants. _____/ | NO. C 10-02389 JW <br> NO. C 10-04680 JW <br> NO. C 10-04902 JW <br> NO. C 10-04723 JW <br> NO. C 10-04793 JW <br> NO. C 10-04794 JW <br> NO. C 10-04930 JW <br> NO. C 10-04935 JW <br> NO. C 10-05192 JW <br><br> **ORDER DENYING DEFENDANT FACEBOOK'S MOTION TO CONSOLIDATE; GRANTING DEFENDANT ZYNGA'S MOTION TO CONSOLIDATE; APPOINTING INTERIM CO-LEAD CLASS COUNSEL** |

**A. Introduction**

Presently before the Court are Defendant Facebook, Inc.'s ("Facebook") Motion to Consolidate Cases for All Purposes[1] and Defendant Zynga Game Network's ("Zynga") Motion to Consolidate.[2]

On November 5, 2010, Zynga filed its Administrative Motion to Consider Whether Cases Should be Related.[3] In its Motion, Zynga noted that the substantial overlap of factual and legal issues would be appropriate for consolidation of the Zynga Actions.[4] On November 15, 2010, the Court granted Zynga's Motion to Relate and requested Supplemental Briefing from the parties on whether the Zynga Actions should be consolidated into the existing In re Facebook Privacy Litigation or into another separate action. Following the Court's Order requesting Supplemental Briefing, Facebook filed a separate Motion to Consolidate CV 10-02389 ("In re: Facebook Privacy Litigation") and CV 10-04902, CV 10-04723, CV 10-04793, CV 10-04794, CV 10-04930, CV 10-04935 and CV 10-05192 ("Zynga Actions"). (See Facebook Motion at 1.)

The Court addresses each Motion in turn.

**B. Standards**

A district court has broad discretion to consolidate actions involving "common issues of law or fact." Fed. R. Civ. P. 42(a); Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal., 877 F.2d 777, 777 (9th Cir. 1989). In exercising its broad discretion to order consolidation, a district court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." Huene v. U.S., 743 F.2d 703, 704 (9th Cir. 1984).

---

[1] (Defendant Facebook, Inc.'s Motion to Consolidate Cases for All Purposes and to Address Related Issues in Response to Court's November 12, 2010 and November 19, 2010 Orders, hereafter, "Facebook Motion," Docket Item No. 58.)

[2] (See Docket Item No. 41.)

[3] (hereafter, "Zynga Motion," Docket Item No. 41.)

[4] (Zynga Motion at 4.)

2

### C. Facebook's Motion to Consolidate

Facebook moves to consolidate In re: Facebook Privacy Litigation and the Zynga Actions. (Facebook Motion at 1.)

Upon review of the Complaints in the Actions, the Court finds that while each case presents similar facts and some overlapping legal theories, the factual issues in the Zynga Actions lack sufficient commonality to justify consolidation. Plaintiffs in the respective Actions present distinct factual scenarios that involve the alleged transmission of personal information. Plaintiffs in In re: Facebook Privacy Litigation allege that Facebook transmitted user information to third parties when users clicked on third party advertisements,[5] while Plaintiffs in the Zynga Actions allege that Zynga transmitted user information when users interacted with Zynga's third party applications on facebook.com.[6] In none of the In re Facebook Privacy Litigation Actions is Zynga named as a Defendant or even mentioned in the Complaints. Further, the factual and temporal differences between the respective Actions would cause inconvenience and delay in both litigations. Given the lack of similarities between the actions and the inconvenience and delay that would result from consolidating the cases, the Court finds that consolidation of the Zynga Actions into the existing In re Facebook Privacy Litigation is inappropriate.

Accordingly, the Court DENIES Facebook's Motion to Consolidate.

### D. Zynga's Motion to Consolidate

Zynga moves to consolidate the Zynga Actions into a single In re Zynga Privacy Litigation action. (Zynga Motion at 4.)

Upon review of the Complaints in the Zynga Actions, the Court finds that each case presents virtually identical factual and legal issues. Plaintiffs in each Action allege that Defendant's applications, or registration with their applications, resulted in Zynga transmitting their user information without their knowledge or authorization. The Actions are also at similarly early stages

---

[5] (Consolidated Class Action Complaint at 7, Docket Item No. 36.)

[6] (See CV 10-04680-JW, Docket Item No. 1.)

3

1 of litigation, as Zynga is yet to file an Answer in any of the related Zynga Actions. Further, as each
2 case involves the same alleged activity by Zynga, discovery issues will be substantially duplicative.
3 Given these similarities and the lack of any apparent inconvenience, delay or expense that would
4 result from consolidating the cases, the Court finds that consolidation of the Actions is appropriate.

Accordingly, the Court GRANTS Zynga's Motion to Consolidate.

### E. Appointment of Interim Class Counsel

Separately named Plaintiffs in the Zynga Actions have moved to appoint their respective attorneys as interim class counsel. Plaintiffs O'Hara and Bryant move to appoint Milberg and Girard Gibbs, LLP as Interim Lead Class Counsel.[7] Plaintiffs Beiles, Graf, Schreiber and Swanson move to appoint Adam J. Levitt of Wolf, Halderstein, Adler, Freeman and Herz, LLC; Jonathan Shub of Seeger Weiss, LLP; and Michael Aschenbrener of Edelson McGuire, LLC as Interim Co-Lead Class Counsel.[8]

Under Fed. R. Civ. P. 23(g)(3), a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Although Rule 23(g)(3) does not provide any guidance for selecting interim class counsel, a court may consider the factors enumerated in Rule 23(g)(1). Under Rule 23(g)(1), a court considers "(i) the work counsel has done in identifying or investing potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class."[9]

Millberg and Girard Gibbs, LLP, have identified and investigated the claims brought against Facebook and Zynga and have interviewed a number of Facebook and Zynga users in preparation

---

[7] (See Docket Item No. 59 at 8.)

[8] (See Docket Item No. 64 at 11.)

[9] The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

4

1 for the case. (Docket Item No. 59 at 8.) They also have extensive experience in class actions and
2 complex litigation in consumer protection areas. (Id.)

3 Wolf, Halderstein, Adler, Freeman and Herz, LLC; Seeger Weiss, LLP; and Edelson
4 McGuire, LLC were pioneers in the electronic privacy class action field, having litigated some of the
5 largest consumer class actions in the country on this issue. (Docket Item No. 64 at 12.) They were
6 also the first to file a class action relating to Zynga's alleged transmission of user information to
7 third parties. (Id.) They have continued to communicate with Zynga's counsel in efforts to reach
8 agreements, preserve evidence and establish discovery protocols. (Id.) Further, they have met with
9 Zynga's counsel in San Francisco to address these matters and are in the process of coordinating the
10 research and preparation of a Consolidated Amended Complaint in anticipation of the Court's
11 consolidation of the Zynga Actions. (Id.)

12 Upon review of the proposed interim class counsel, the Court finds that the nomination of the
13 Wolf, Halderstein, Adler, Freeman and Herz, LLC, Seeger Weiss, LLP and Edelson McGuire, LLC
14 is appropriate given the firm's extensive experience in privacy litigation and commitment to the
15 present action. Accordingly, the Court appoints Adam J. Levitt of Wolf Halderstein Adler Freeman
16 and Herz, LLC; Jonathan Shub of Seeger Weiss, LLP; and Michael Aschenbrener of Edelson
17 McGuire, LLC as Interim Co-Lead Class Counsel.

### F. Conclusion

19 In sum, the Court DENIES Facebook's Motion to Consolidate and GRANTS Zynga's
20 Motion to Consolidate:

21 (1) The Court consolidates the Zynga Actions–CV 10-04680, CV 10-04902, CV
22 10-04723, CV 10-04793, CV 10-04794, CV 10-04930, CV 10-04935 and CV
23 10-05192–into one action. The Clerk of Court shall consolidate these actions such
24 that the earliest filed action, CV 10-04680, is the lead case. All future filings shall be
25 in CV 10-04680 and bear the caption: "In re Zynga Privacy Litigation." All future
26 related cases shall be automatically consolidated and administratively closed. Since
27 the later actions are now consumed in first filed action, the Clerk shall

administratively close CV 10-04902, CV 10-04723, CV 10-04793, CV 10-04794, CV 10-04930, CV 10-04935 and CV 10-05192.

(2) The Court appoints Adam J. Levitt of Wolf, Halderstein, Adler, Freeman and Herz, LLC; Jonathan Shub of Seeger Weiss, LLP; and Michael Aschenbrener of Edelson McGuire, LLC as Interim Co-Lead Class Counsel.

(3) On or before **January 10, 2011**, Plaintiffs in the In re Zynga Privacy Litigation shall file a Consolidated Amended Class Action Complaint.

The Court sets a Case Management Conference for **January 31, 2011 at 9 a.m.** for both In re Facebook Privacy Litigation and In re Zynga Privacy Litigation to discuss coordination of the two Actions. On or before **January 14, 2011**, In re Facebook Privacy Litigation and In re Zynga Privacy Litigation shall file a Joint Case Management Statement. The Statement shall include a good faith plan for coordination and contain, among other things, a proposed schedule for coordinated discovery.

Dated: December 10, 2010

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Benjamin Harris Richman brichman@edelson.com
Charles Hyunchul Jung cjung@nassiri-jung.com
Christopher Lilliard Dore cdore@edelson.com
Eric H. Gibbs ehg@girardgibbs.com
Francis M. Gregorek gregorek@whafh.com
Harris Lee Pogust hpogust@pbmattorneys.com
James M. Penning jpenning@cooley.com
Jay Edelson jedelson@edelson.com
Jordan L. Lurie jlurie@weisslurie.com
Kassra Powell Nassiri knassiri@nassiri-jung.com
Matthew Dean Brown mbrown@cooley.com
Matthew Joseph Zevin mzevin@stanleyiola.com
Michael James Aschenbrener maschenbrener@edelson.com
Richard L. Seabolt rlseabolt@duanemorris.com
Robert Joseph Drexler rdrexler@kpalawyers.com
Sean Patrick Reis sreis@edelson.com
Shawn Khorrami skhorrami@kpalawyers.com
Suzanne R. Fogarty srfogarty@duanemorris.com

**Dated:  December 10, 2010**                              **Richard W. Wieking, Clerk**

                                                           **By:   /s/ JW Chambers**
                                                                 **Elizabeth Garcia**
                                                                 **Courtroom Deputy**