**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re: Facebook Privacy Litigation<br>_____/ | NO. C 10-02389-JW<br>NO. C 10-05301-BZ |
| Wendy Marfeo,<br>           Plaintiff,<br>   v.<br>Facebook, Inc.,<br>           Defendant.<br>_____/ | **ORDER GRANTING MOTION TO RELATE CASES**; **CONSOLIDATING CASES** |

Presently before the Court is Defendant Facebook, Inc.'s ("Facebook") Motion to Consider Whether Cases Should be Related.[1] Facebook seeks the Court's determination as to whether <u>Marfeo v. Facebook, Inc.</u>, Case No. CV 10-05301-BZ should be related to <u>In Re: Facebook Privacy Litigation</u>, Case No. CV 10-02389-JW. Facebook contends that these cases arise from substantially similar factual allegations that Facebook's "referrer headers" caused user information to be leaked to third parties, involve overlapping legal claims and involve overlapping parties on both sides of the litigation. (Motion at 3-5.)

**A.   Motion to Relate**

Civil Local Rule 3-12(a) provides:

An action is related to another action when:

---

[1] (<u>See</u> Defendant Facebook, Inc.'s Administrative Motion to Consider Whether Cases Should be Related, hereafter, "Motion," CV 10-02389-JW, Docket Item No. 66.)

| | | |
|---|---|---|
| (1) | The action concerns substantially the same parties, property, transaction or event; and |
| (2) | It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges. |

Here, the Court finds that these cases involve substantially the same parties: Defendant Facebook, and overlapping classes. The Court also finds that these cases involve substantially the same transactions and events.[2] Plaintiffs in all cases allege that, via "referrer headers," Facebook disclosed unique Facebook user identification numbers ("UID"), allowing third parties to obtain private information about users and their activities online. All cases involve overlapping causes of action and factual inquiries. The Court also finds that the two actions pose a substantial risk of inconsistent judgments. In light of the substantial similarity of parties, events and causes of action, the Court finds that there is a risk of "an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." Thus, the Court finds that the cases are related within the meaning of Rule 3-12(a).

Accordingly, the Clerk of Court shall immediately relate <u>Marfeo v. Facebook, Inc.</u>, Case No. CV 10-05301-BZ to <u>In Re: Facebook Privacy Litigation</u>, Case No. CV 10-02389-JW.

**B.     Consolidate**

Further, the Court *sua sponte* considers whether these related cases should be consolidated.

A district court has broad discretion to consolidate actions involving "common issues of law or fact." Fed. R. Civ. P. 42(a); <u>Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.</u>, 877 F.2d 777, 777 (9th Cir. 1989). In exercising its broad discretion to order consolidation, a district court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." <u>Huene v. U.S.</u>, 743 F.2d 703, 704 (9th Cir. 1984).

Upon review of the Complaints in both Actions, the Court finds that each case presents virtually identical factual and legal issues. Plaintiffs in each Action allege that Defendant's shared Plaintiffs' information with third-party advertisers via "referrer headers" without Plaintiffs' knowledge or authorization, and in violation of Defendant's own privacy policies. The Actions are

---

[2] (<u>Compare</u> Class Action Complaint, CV 10-05301-BZ, Docket Item No. 1 <u>with</u> Consolidated Class Action Complaint, CV 10-02389-JW, Docket Item No. 36.)

also at similarly early stages of litigation, as Facebook is yet to file an Answer in either of the related Actions. Further, as each case involves the same alleged activity by Facebook, discovery issues will be substantially duplicative. Given these similarities and the lack of any apparent inconvenience, delay or expense that would result from consolidating the cases, the Court finds that consolidation of the Actions is appropriate.

The Court consolidates these Actions–CV 10-02389 and CV 10-05301–into one action. The Clerk of Court shall consolidate these actions such that the earliest filed action, CV 10-02389, is the lead case. All future filings shall be in CV 10-02389 and bear the caption: "In re Facebook Privacy Litigation." Since the later action is now consumed in first filed action, the Clerk shall administratively close CV 10-05301. All future related cases shall be automatically consolidated and administratively closed.

Dated: December 21, 2010

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Andrew N. Friedman afriedman@cohenmilstein.com
Daniel A. Small dsmall@cohenmilstein.com
David Knothe Stein ds@girardgibbs.com
Dylan Hughes dsh@girardgibbs.com
Eric H. Gibbs ehg@girardgibbs.com
Philip Scott Friedman psf@consumerlawhelp.com
Stefanie M. Ramirez sramirez@cohenmilstein.com

**Dated: December 21, 2010**  **Richard W. Wieking, Clerk**

**By:    /s/ JW Chambers**
      **Elizabeth Garcia**
      **Courtroom Deputy**