COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
MATTHEW D. BROWN (196972)
(brownmd@cooley.com)
JAMES M. PENNING (229727)
(jpenning@cooley.com)
101 California Street
5th Floor
San Francisco, CA  94111-5800
Telephone:     (415) 693-2000
Facsimile:     (415) 693-2222

Attorneys for Defendant
FACEBOOK, Inc., a Delaware corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:<br>FACEBOOK PRIVACY LITIGATION | Case No. 10-cv-02389-JW<br><br>**FACEBOOK, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>DATE:  March 28, 2011<br>TIME:  9:00 a.m.<br>COURTROOM:  8 (4th Floor)<br>JUDGE:  Hon. James Ware<br>TRIAL DATE:  None Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Federal Rule of Evidence 201, Defendant Facebook, Inc. hereby requests that the Court take judicial notice of the following documents in support of its Motion to Dismiss the Consolidated Class Action Complaint ("Complaint"). All referenced exhibits are attached to the supporting Declaration of Ana Yang, filed concurrently herewith.

Exhibit A: Facebook's Statement of Rights and Responsibilities.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

FACEBOOK'S REQUEST FOR JUDICIAL
NOTICE I/S/O MOTION TO DISMISS
5:10-CV-02389-JW

1   Exhibit B: Facebook's Privacy Policy.

2   Exhibit C: Facebook's Privacy Guide.

3   The documents listed above are proper subjects for judicial notice and the Court should
4   consider them when ruling on Facebook's Motion to Dismiss.

5   **Legal Standard.**

6   When ruling on a motion to dismiss, a court may consider any matter that is subject to
7   judicial notice. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Tellabs, Inc.
8   v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Judicial notice is appropriate for facts
9   "not subject to reasonable dispute" that are either generally known within the jurisdiction of the
10  trial court or are "capable of accurate and ready determination by resort to sources whose
11  accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This Court has stated that "as
12  a general matter, websites and their contents may be proper subjects for judicial notice" provided
13  that the party provides the court with a copy of the relevant web page. *Caldwell v. Caldwell*, No.
14  C 05-4166 PJH, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006); *see also Frances Kenny
15  Family Trust v. World Sav. Bank FSB*, No. C 04-03724 WHA, 2005 WL 106792, at *1 (N.D. Cal.
16  Jan. 19, 2005) (finding content on plaintiffs' website to be proper matter for judicial notice).

17  Moreover, the Ninth Circuit has recognized that in ruling on a motion to dismiss, "in order
18  to '[p]revent[] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . .
19  documents upon which their claims are based,' a court may consider a writing referenced in a
20  complaint but not explicitly incorporated therein if the complaint relies on the document and its
21  authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *see also
22  Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (later superseded by statute)
23  (incorporating by reference insurance terms of service and administrative documents because the
24  claim necessarily relied on plaintiff having been a member of the insurance plan); *Wietschner v.
25  Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1108-09 (N.D. Cal. 2003) (judicially noticing press
26  releases cited in the complaint). This allows the court to consider the full text of a document that
27  the plaintiff's complaint relies on but only partially references. *See In re Copper Mountain Secs.
28  Litig.*, 311 F. Supp. 2d 857, 863 (N.D. Cal. 2004).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

FACEBOOK'S REQUEST FOR JUDICIAL
NOTICE I/S/O MOTION TO DISMISS
5:10-CV-02389-JW

**The Court Should Take Judicial Notice of Exhibits A, B, and C.**

The accuracy of each of the referenced exhibits is not subject to reasonable dispute and can be readily determined from sources whose accuracy cannot reasonably be questioned. All of the exhibits are explicitly referenced by Plaintiffs in their Consolidated Class Action Complaint, with references to the website address (technically called the Uniform Resource Locator ("URL")) where each document may be located. (Compl. ¶¶ 20, 21, 22.) Moreover, the Complaint relies on these documents, explicitly alleging that each Facebook user must "agree to the Privacy Policy upon registering with the site" and "affirm that they have 'read and agree to' Facebook's Terms of Use (a hyperlink to the document entitled Statement of Rights and Responsibilities)." (Compl. ¶ 26.) The Complaint alleges that Facebook violated the "Privacy Policy and the representations quoted above." (Compl. ¶ 27.) The "representations quoted above" that the Complaint refers to include portions of the SRR and Privacy Guide quoted by Plaintiffs, among others. The Complaint does not question the authenticity of the cited documents and in fact relies on their accuracy to make their allegations. *See Swartz*, 476 F.3d at 763 (where the complaint relies on a portion of a document and does not question its authenticity, the court may take judicial notice of the entire document). Therefore, because the Complaint relies on the documents contained in Exhibits A, B, and C, whose authenticity is not subject to dispute and can be readily determined from sources whose accuracy cannot reasonably be questioned, Defendants' Request for Judicial Notice should be granted as to each exhibit.

**Conclusion**

For the foregoing reasons, Defendant respectfully requests that the Court take judicial notice of Exhibits A, B, and C attached to the supporting Declaration of Ana Yang, filed concurrently herewith.

Dated: January 10 , 2011         COOLEY LLP

/s/
Matthew D. Brown (196972)
Attorneys for Defendant FACEBOOK, Inc.,

1205134/SF

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

FACEBOOK'S REQUEST FOR JUDICIAL
NOTICE I/S/O MOTION TO DISMISS
5:10-CV-02389-JW