1  COOLEY LLP
   MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2  MATTHEW D. BROWN (196972) (brownmd@cooley.com)
   JAMES M. PENNING (229727) (jpenning@cooley.com)
3  101 California Street
   5th Floor
4  San Francisco, CA  94111-5800
   Telephone:     (415) 693-2000
5  Facsimile:     (415) 693-2222

6  Attorneys for Defendant
   FACEBOOK, Inc., a Delaware corporation
7
   NASSIRI & JUNG LLP
8  KASSRA P. NASSIRI (215405) (knassiri@nassiri-jung.com)
   CHARLES H. JUNG (217909) (cjung@nassiri-jung.com)
9  47 Kearny Street, Suite 700
   San Francisco, California 94108
10 Telephone:  (415) 762-3100
   Facsimile:  (415) 534-3200
11
   MICHAEL J. ASCHENBRENER
12 (maschenbrener@edelson.com)
   350 North LaSalle Street, Suite 1300
13 Chicago, Illinois 60654
   Telephone:     (312) 589-6370
14 Facsimile:  (312) 589-6378

15
   Attorneys for Plaintiffs and the Putative Class
16
                    UNITED STATES DISTRICT COURT
17
                  NORTHERN DISTRICT OF CALIFORNIA
18
                         SAN JOSE DIVISION
19

20
   IN RE: FACEBOOK PRIVACY          Case No.  10-cv-02389-JW
21 LITIGATION
                                    JOINT CASE MANAGEMENT STATEMENT
22
                                    CMC Date: Monday, February 7, 2011
23                                  Time:         10:00 a.m.
                                    Judge:        Hon. James Ware
24

25

26

27

28

For the initial case management conference ("CMC") set for February 7, 2011, plaintiffs David Gould and Mike Robertson ("Plaintiffs") and defendant Facebook Inc. ("Defendant" and collectively with Plaintiffs, the "Parties") hereby submit this Joint Case Management Statement pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, and this Court's Orders dated December 10, 2010 and December 29, 2010.

Pursuant to Federal Rule of Civil Procedure 26(f), the Parties held a telephonic meeting of counsel on Friday, September 10, 2010.  Michael J. Aschenbrener participated for plaintiff David Gould.   Kassra P. Nassiri and Charles H. Jung participated for plaintiff Mike Robertson. Matthew D. Brown and James Penning participated for Defendant.

## I.   JURISDICTION AND SERVICE

The Parties agree that this Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).  No issues exist regarding personal jurisdiction or venue and no parties remain to be served.

## II.   STATEMENT OF CLAIMS AND DEFENSES

Plaintiffs allege that Facebook engaged in wrongful conduct.  Facebook denies all liability.

## III.   LEGAL ISSUES

Defendant Facebook has filed a motion to dismiss arguing Plaintiffs' failure to state a cause of action on any count.  The Parties anticipate that disputed legal issues will also concern whether this case may be certified as a class action under Rule 23.

## IV.   MOTIONS

**The following motions have been previously filed in this action**:

On July 21, 2010, Plaintiff Mike Robertson filed an Administrative Motion to Consider Whether Cases Should be Related, seeking to relate *Robertson v. Facebook, Inc.*, No. 10-cv-02306-JF and *Gould v. Facebook, Inc.*, No. 10-cv-02389-JW.  The motion was granted on July 26, 2010.

On November 4, 2010, Defendant Facebook filed an Administrative Motion to Extend Deadline to Respond to Plaintiffs' Consolidated Class Action Complaint.  The motion was granted on November 5, 2010.

On November 5, 2010, Zynga Game Network, Inc. filed an administrative motion to relate seven cases (then captioned 10-cv-4680-WHA, 10-cv-4723-JL, 10-cv-4793-EMC, 10-cv-4794-RS, 10-cv-4902-HRL, 10-cv-4930-MEJ, and 10-cv-4935-SC).   The motion was granted on November 15, 2010.

On November 17, 2010, the plaintiffs in *Bryant v. Facebook, Inc.*, 10-cv-5192-PVT filed an administrative motion to relate case.  The motion was granted on November 19, 2010.

On November 22, 2010, Facebook filed a motion to consolidate all related cases.  On December 10, 2010, the Court denied Facebook's motion to consolidate all related cases.  Instead, the Court granted Zynga's motion to consolidate by (1) consolidating the Zynga actions (10-cv-4680, 10-cv-4902, 10-cv-4723, 10-cv-4793, 10-cv-4794, 10-cv-4930, 10-cv-4935, and 10-cv-5192) into one action captioned *In re Zynga Privacy Lit.*; (2) appointing Adam Levitt of Wolf Haldenstein Adler Freeman & Herz, LLC, Jonathan Shub of Seeger Weiss, LLP, and Michael Aschenbrener of Edelson McGuire, LLC as Interim Co-Lead Counsel in *In re Zynga Privacy Lit.*; (3) setting a January 10, 2011 deadline for the plaintiffs in *In re Zynga Privacy Lit.* to file a consolidated amended complaint; and (4) setting Case Management deadlines in both the instant matter and the *Zynga* matter.

On December 7, 2010, Facebook filed an administrative motion to relate *Marfeo v. Facebook*, 10-cv-5301-BZ to the instant matter.  The Court granted the motion on December 21, 2010 and consolidated *Marfeo* with the instant action.

On January 10, 2011, Facebook filed a motion to dismiss the consolidated complaint. Plaintiffs' response in opposition to the motion to dismiss is due on February 25, 2011, and Defendant's reply in support of its motion is due on March 14, 2011.  The motion hearing is set for March 28, 2011 at 9:00 a.m.

On January 13, 2011, Facebook filed a stipulated administrative motion to relate and consolidate *Noble v. Facebook, Inc.*, C10-05781 HRL (N.D. Cal.) with the above-captioned matter.

**Possible future motions include the following**: Motion to Preserve Evidence; Motion to Certify Class; Motions for Summary Judgment; discovery motions as necessary, and pre-trial motions.  The Parties reserve the right to file other motions.

## V.     AMENDMENT OF PLEADINGS

Per Court Order (Dkt. 35), Plaintiffs filed a Consolidated Complaint on October 11, 2010 (Dkt. 36).  The Parties propose a deadline for the amendment of pleadings as set forth in Section XVII (Scheduling) below.

## VI.     EVIDENCE PRESERVATION

Plaintiffs sent a letter to Defendant dated August 24, 2010, which set forth the categories of evidence that, at a minimum, Plaintiffs contend should be preserved.  During the Rule 26 conference, Plaintiffs' counsel inquired about what steps Defendant has taken to preserve potentially relevant information.  Defendant's counsel stated that they had received Plaintiffs' evidence preservation correspondence and that, although not agreeing with the scope of the obligations set forth in the letter, they have taken steps to comply with their obligations, including putting a litigation hold in place.

On November 5, 2010, Plaintiffs sent a letter to Defendant concerning Defendant's statement in a letter to United States Congressman Markey that revealed that Defendant is "mandating that all ad networks delete any Facebook UIDs they may have stored as a precondition to their continued ability to operate on the Facebook platform."  Plaintiffs demanded that Facebook immediately prevent the deletion of any such data—both data in its possession and in the possession of other entities.  On November 8, Defendant responded that Plaintiffs had failed to establish how any Facebook UIDs in the possession of ad networks was relevant to the litigation, and had failed to provide any authority for why Defendant has a duty to preserve such information.

The Parties have agreed to continue to meet and confer on evidence preservation issues with an eye towards meeting their respective obligations to preserve potentially relevant information.

**VII.   DISCLOSURES**

The Parties agree that initial disclosures will be exchanged on or before January 31, 2011.

**VIII.   DISCOVERY**

Plaintiffs have propounded written discovery, including interrogatories and document requests.  Defendant served objections and responses to this discovery on December 23, 2010.

**A.       Coordination with *In re Zynga Privacy Lit.***

On January 10, 2011, Plaintiffs in *In re Zynga Privacy Litigation*, Case No. 10-cv-4680-JW (N.D. Cal.) ("Zynga litigation"), filed a consolidated complaint that does not name Facebook as a defendant (Dkt. 34).

**(1)       Document Production**

As Facebook is no longer a party to the Zynga litigation, documents produced in the above-captioned action should not be made available to the Zynga litigation parties except through appropriate third-party discovery.

**(2)       Coordination of Discovery Requests**

All parties agree to make their best efforts to coordinate requests for production of documents by Facebook (whether a request for production by Plaintiffs in this case, or a third-party subpoena served by a party in the Zynga litigation), so as not to subject Facebook to undue burden in the collection, review, and production of documents.  Facebook reserves the right to object, move to quash, or move for a protective order with respect to any request for production of documents.

**(3)       Protective Orders**

The Parties agree that separate protective orders should issue in the Facebook litigation and Zynga litigation.

Facebook contends that to lessen the burden on Facebook, the protective orders should contain identical provisions for designation and treatment of materials as "Confidential" or "Highly Confidential," such that if Facebook produces documents in response to third-party discovery that are also being produced in the Facebook litigation, Facebook need not re-label or re-designate the same documents.

While Plaintiffs are amenable to Facebook's position, if all parties (those in the Facebook litigation and the Zynga litigation) cannot agree on identical protective order provisions in a timely manner, Plaintiffs here reserve the right to seek entry of a protective order irrespective of whether all parties have reached agreement.

### (4)    Depositions

All parties (those in the Facebook litigation and the Zynga litigation) should meet and confer as to common witnesses desired to be deposed and as to the scheduling of such depositions.   Facebook contends that, for each deponent, the parties should coordinate simultaneous service of deposition notices and third-party deposition subpoenas, containing identical dates, times, and locations, and that only one deposition of each witness is permitted. Facebook reserves the right to object, move to quash, or move for a protective order with respect to any deposition noticed or subpoenaed.

While Plaintiffs are amenable to Facebook's position and will make reasonable efforts to accommodate Facebook's scheduling concerns, Plaintiffs cannot agree to any provision limiting Plaintiffs' right to discovery (e.g., allowing Plaintiffs here only one shared deposition per witness, irrespective of how many overlapping matters that witness is expected to testify about).    All Parties agree to continue to meet and confer on the appropriate provisions concerning coordinated depositions.

### (5)    Scheduling

On November 10, 2010, the Court in this case bifurcated discovery and ordered that class discovery should close by April 18, 2011.  The Court further ordered that expert witnesses shall be disclosed 63 days before the close of discovery (Feb. 14, 2011) and rebuttal experts shall be

disclosed 49 days before the close of discovery (Feb. 28, 2011).  Any party objecting to the qualifications or proposed testimony of an expert must do so for hearing no later than 42 days after both expert and rebuttal expert disclosures (April 11, 2011).

The Parties request that the Court modify the scheduling order in this case, which the Parties submit would be appropriate for several reasons:

*First*, the Court's existing scheduling order, providing for a close of class discovery by April 18, 2011, was entered on November 10, 2010, before the Court ordered briefing on the consolidation of the many separate actions that have now been consolidated into *In re Facebook Privacy Litigation* and *In re Zynga Privacy Litigation*, respectively.  The Court's order on consolidation issued on December 10, 2010.[1]  Thus, it was not until that time that the Parties had a better picture of how the numerous overlapping actions would be procedurally streamlined and which plaintiffs' attorneys would be lead counsel in the litigations.

*Second*, the consolidated amended complaint in *In re Zynga Privacy Litigation* was not filed until January 10, 2011 and, thus, it was only very recently that the Parties understood that Facebook would no longer be a party to *In re Zynga Privacy Litigation*.

*Third*, the Court has asked the parties in the separately consolidated matters of *In re Facebook Privacy Litigation* and *In re Zynga Privacy Litigation* to address coordination of discovery between the two actions, which the Parties have done in this filing.  The Parties believe that there will be factual overlap between the two consolidated actions, and anticipate that the *In re Zynga Privacy Litigation* parties will seek extensive third-party discovery from Facebook.

Thus, in both consolidated actions, the parties will need time to finish serving discovery and discovery responses, to produce documents and take depositions, and to prepare for class certification proceedings.  Moreover, the overlapping discovery in the two actions will require

---

[1] Additionally, on December 20, 2010, the matter of *Noble v. Facebook, Inc.*, No. 10-cv-05781 HRL, was filed in the Northern District of California containing substantially the same allegations against Facebook as the instant suit.  On January 13, 2011, Facebook filed an administrative motion and associated stipulation to relate and consolidate *Noble v. Facebook, Inc.* with the above-captioned matter (Dkt. 79, 80).

significant coordination among all parties, particularly as to the timing of document requests and depositions.

Given the consolidation events occurring weeks after the prior scheduling order issued, the likelihood of significant overlapping discovery and the necessity of extensive coordination, The Parties propose a schedule for class certification discovery and hearing as described in Section XVII (Scheduling) below.

**B.     Bifurcation of Discovery**

The Parties are proceeding with discovery pursuant to this Court's Order bifurcating discovery.[2]

**C.     Scope of Discovery**

**1.     Plaintiffs' Statement**

Plaintiffs anticipate both written and oral discovery on both the merits of the case and on issues concerning class certification. Plaintiffs identify the following categories of discovery listed below. Plaintiffs reserve the right to add to or otherwise modify these categories as additional facts and legal issues become known to Plaintiffs in preparing for trial.

---

[2] In the event that discovery in the Zynga litigation is not bifurcated, Plaintiffs reserve the right to move for reconsideration of bifurcation here.

- The identities of putative class members;

- Defendant's current and past terms and conditions with its members, and any press releases or communications concerning those terms and conditions as they may relate to third-party advertising;

- Defendant's receipt, interception, records, and electronic storage of all member information, communications and activities;

- Defendant's relationship with its advertisers, including, but not limited to, contracts, transactions, payments, and data transmission between Defendant and its advertisers or advertiser-intermediaries, and any press releases or communications related thereto;

- All tracking and accounting data related to advertiser impressions, views, clicks and transactions;

- All authorizations related to Defendant's disclosure of member information to any third party; and

- Defendant's knowledge, investigations, reports, analyses, policies, deliberations and efforts (including, but not limited to, remedial efforts) concerning the transmission or non-transmission of Facebook member information to advertisers or advertiser-intermediaries.

The Parties have conferred concerning the disclosure of electronically-stored information. The Parties have not reached agreement on the appropriate format for production of electronically stored information.  The Parties have agreed to confer further, with the assistance of technical consultants as appropriate, to attempt to reach a mutually satisfactory agreement as to the appropriate format for production of electronically stored information ("ESI").

### 2.        Defendant's Statement

Presently, Defendant anticipates that it will seek discovery on subjects including but not limited to the following: class certification-related issues; Plaintiffs' alleged damages; Plaintiffs' knowledge of the operation of the Facebook website; and Plaintiffs' use of the Facebook website.

### D.        Changes to the F.R.C.P. and Local Rule Limits on Discovery

### 1.        Timing of Discovery

Discovery, which has already commenced, should proceed pursuant to the Court's order and as it may be modified.

### 2.    Modification to Discovery Rules

#### a.    Plaintiffs' Statement

Plaintiffs propose ten depositions per side in each phase of discovery (i.e., ten depositions per side related to class certification issues, and then additional depositions per side for full merits discovery). Plaintiffs request at this time that the Court allow Plaintiffs to propound two sets of Rule 30(b)(6) topics.

Given the complexity of the case, Plaintiffs will likely require more than twenty-five interrogatories to prove their case. The facts at issue, which are largely in Defendant's control, are technically complex and likely involve millions of putative class members. Interrogatories regarding Defendant's data and systems infrastructures, and Defendant's transmission of millions of user's information to third parties, will involve detailed and voluminous data. Relying primarily on other discovery devices, such as depositions, to obtain this information would be inefficient for all Parties. Plaintiffs request at this time that they be allowed to propound up to twenty-five (25) additional interrogatories.

Plaintiffs reserve the right to seek further modification of the limitations on discovery imposed by the Federal Rules of Civil Procedure or by local rule other than as provided in this report.

#### b.    Defendant's Statement

Defendants do not currently see a need for a modification to the discovery limits set forth in the Federal Rules of Civil Procedure but reserve the right to move for additional depositions or interrogatories if they believe the need arises.  Moreover, if the Court grants additional discovery to Plaintiffs, Defendant should receive the same additional discovery.

E.     **Proposed Discovery Plan**

See section XVII ("Scheduling") below.

IX.    **CLASS ACTIONS**

A.     **Plaintiffs' Statement**

Plaintiffs contend that the instant case is maintainable as a class action and plan to move for class certification pursuant to Fed. R. Civ. P. 23.  Please see section XVII ("Scheduling") below for a proposal on the timing.

B.     **Defendant's Statement**

Defendant denies that a class should be certified in this action and will oppose any motion for class certification.

X.     **RELATED CASES**

*Marfeo v. Facebook*, 10-cv-5301 has been related and consolidated with the instant action. On January 13, 2011, Facebook filed a stipulated administrative motion to relate and consolidate *Noble v. Facebook*, 10-cv-5781-HRL to the instant case.

Additionally, *In re Zynga Privacy Lit.*, 10-cv-4680-JW has been related to the instant action, and the Court declined to consolidate it with the instant action.

XI.    **RELIEF**

A.     **Plaintiffs' Statement**

Plaintiffs seek:

-       An order certifying the class, directing that this case proceed as a class action, and appointing Plaintiffs and their counsel to represent Plaintiffs and the class;

-       An order declaring that the actions of Facebook constitute violations of each cause of action alleged;

-       An order entering judgment for all statutory and punitive damages authorized by law;

-       An order awarding restitution for all for all money to which Plaintiff and the Class are entitled in equity;

-        An order awarding Plaintiffs and the Class their reasonable litigation expenses and attorneys' fees;

-        An order awarding Plaintiffs and the Class all pre- and post-judgment interest, to the extent allowable;

-        An order entering injunctive relief and/or declaratory relief as necessary to protect the interests of Plaintiffs and the Class; and,

-        An order awarding such other relief as equity and the law may require.

**B.     Defendant's Statement**

Defendant does not currently anticipate any counterclaims but reserves the right to add such counterclaims in the event that facts arise to support them.

**XII.    SETTLEMENT AND ADR**

Pursuant to ADR Local Rule 3-5(b), Plaintiffs and Defendant filed ADR Certifications by Parties and Counsel on September 17, 2010.   The Parties participated in an ADR Phone Conference on September 29, 2010.

Defendant is amenable to non-judicial private mediation, with such mediation to be held within 45 days after a decision on a class certification motion.  Plaintiffs are amenable to non-judicial private mediation but would like mediation to take place before a decision on class certification.

**XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The Parties do not consent to proceed before a Magistrate Judge for all purposes.

**XIV.   OTHER REFERENCES**

The Parties do not believe, at this time, that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XV.**   **NARROWING OF ISSUES**

At this stage in the proceedings, the Parties are unaware of any issues that can be narrowed by agreement or motion, other than the pending and anticipated motions set forth above.

**XVI.**   **EXPEDITED SCHEDULE**

The Parties agree that the case is not appropriate for expedited or streamlined procedures.

**XVII.**   **SCHEDULING**

Given the consolidation events occurring in weeks after the prior scheduling order issued, the likelihood of significant overlapping discovery as between this case and the Zynga litigation, and the necessity of significant coordination, the Parties propose the following schedule for class certification discovery and hearing.

| Event | Date |
|---|---|
| Answer | If necessary, Defendant shall file its answer to the Consolidated Amended Complaint no later than twenty-one (21) days after a decision on Defendant's motion to dismiss. |
| Motions to Add Parties or to Amend Pleadings | June 30, 2011 |
| Deadline for Completion of Class Certification Fact Discovery, Including Fact Witness Depositions | July 21, 2011 |
| Deadline for Disclosure of Expert Witnesses (name, address, qualifications, résumé, and written report) | August 4, 2011 |
| Deadline for Disclosure of Rebuttal Witnesses (name, address, qualifications, résumé, and written report) | August 18, 2011 |
| Deadline for Completion of Class Certification Expert Discovery, including Expert Depositions | September 2, 2011 |
| Deadline to Object to Qualifications or Proposed Testimony of Expert and File Motion to Exclude | September 12, 2011 |
| Deadline to File Any Motion for or to Deny Class | October 24, 2011 |

| Certification | |
|---|---|
| Deadline to File Any Opposition to Motion for or to Deny Class Certification | November 22, 2011 |
| Deadline to File Any Reply on Motion for or to Deny Class Certification | December 5, 2011 |
| Deadline to File Further Joint Case Management Statement (10 days before conference) | December 9, 2011 |
| Hearing on Class Certification Motion | December 19, 2011 at 9:00 a.m. |
| Further Case Management Conference | December 19, 2011 at 10:00 a.m. |

## XVIII. TRIAL

The Parties anticipate that trial is likely to last approximately 10 court days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Pursuant to Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-16, Plaintiffs state: No persons, firms, partnerships, corporations (including parent corporations) or other entities known have any: (i) a financial interest in the subject matter in controversy; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

On September 24, 2010, Facebook filed its Certification of Interested Entities as required by Civil Local Rule 3-16. Pursuant to Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-16, Defendant states that its prior certification remains accurate, and that as of this date, other than the named parties, there is no such interest to report.

## XX. OTHER MATTERS

There are no other matters that need to be addressed at this time.

Respectfully Submitted,

1    Dated: January 21, 2011        COOLEY LLP

2

3                              */s/ Matthew D. Brown*

                            Matthew D. Brown (196972)

4                             Attorneys for Defendant FACEBOOK INC.

5

6

7    Dated:  January 21, 2011        EDELSON MCGUIRE LLC

8

9                             */s/ Michael J. Aschenbrener*

                            Michael J. Aschenbrener (pro hac vice)

10                           Attorneys for Plaintiffs

11

12    Dated: January 21, 2011        NASSIRI & JUNG LLP

13

14                             */s/ Kassra P. Nassiri*

                            Kassra P. Nassiri (215405)

15                           Attorneys for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO. CV 10-CV-02389-JW**

1

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

2

I, Kassra P. Nassiri, attest that concurrence in the filing of this Joint Case Management

3

Statement has been obtained from each of the other signatories.

4

5

6

      */s/ Kassra P. Nassiri*

Kassra P. Nassiri

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
CASE NO. CV 10-CV-02389-JW