UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| IN RE: FACEBOOK PRIVACY LITIGATION | Case No. C-10-02389-RMW<br><br>**ORDER GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>[Re Docket No. 138] |
|---|---|

Plaintiff seeks leave to amend his complaint to add an additional named plaintiff and to "clarify" damages sought in this case. Dkt. No. 138. For the reasons explained below, the court grants the motion for leave to amend.

## I. Background

Plaintiff Mike Robertson brings this suit on behalf of himself and all others whose confidential user information was allegedly disclosed by defendant Facebook to its advertising partners in violation of Facebook's own privacy policy, Facebook's promises to users, accepted industry standards, and federal law. Dkt. No. 92, at ¶ 1. Plaintiff's first amended complaint ("FAC") alleges that Facebook's policies state that Facebook "never share[s] [users'] personal information with [Facebook's] advertisers" and does "not give [users'] content of information to advertisers without [users'] consent." *Id*. ¶ 2. According to the FAC, Facebook, despite these policies, intentionally and knowingly transmitted confidential user identifiable information, including users' full names, to third party advertisers without user consent. *Id*. ¶ 3.

Several separate actions were originally filed against Facebook, and the cases were consolidated on August 10, 2010 under the caption *In re Facebook Privacy Litigation*. Following

consolidation, plaintiffs' counsel elected to name only Mike Robertson and David Gould as plaintiffs and putative class representatives. *See* Dkt. No. 36. The court thereafter granted Facebook's motion to dismiss, Dkt. No. 91, and plaintiffs filed the FAC, Dkt. No. 92. Facebook again moved to dismiss and the court granted Facebook's motion and dismissed the FAC with prejudice. Dkt. No. 106. After the dismissal, plaintiff Mike Robertson appealed to the Ninth Circuit. Dkt. No. 116. As plaintiff Gould did not file a notice of appeal, the judgment against Gould became final on November 22, 2011. Dkt. No. 107. Accordingly, when the Ninth Circuit reversed the court's dismissal order on two of the eight dismissed claims, the case was remanded to this court with Robertson as the sole named plaintiff.

Plaintiff now moves for leave to amend the FAC to add Katherine Pohl as an additional named plaintiff, and to "clarify" the damages it seeks, including adding a request for nominal damages and disgorgement in his breach of contract claim. Dkt. No. 138.

## II. Analysis

### A. Legal Standard

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within 21 days of serving it. Fed. R. Civ. Pro. 15(a)(1). After that initial period has passed, amendment is permitted only with the opposing party's written consent or leave of the court. Fed. R. Civ. Pro. 15(a)(2). Rule 15 instructs that "[t]he court should freely give leave when justice so requires." *Id.* Although this rule "should be interpreted with extreme liberality, leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (internal citation and quotation marks omitted). Courts commonly consider four factors when determining whether to grant leave to amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment. *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *DCD Programs, Ltd v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption

under Rule 15(a) in favor of granting leave to amend." *Id.* (citation omitted). "The party opposing leave to amend bears the burden of showing prejudice." *Serpa v. SBC Telecomms., Inc.*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs*, 833 F.2d at 187).

### B. Plaintiff May File an Amended Complaint

Plaintiff seeks leave to amend to add Pohl and "clarify" the damages he seeks on his breach of contract theory. Dkt. No. 138. Defendant Facebook opposes the motion, arguing that it would be unfairly prejudiced, and that plaintiff has unduly delayed in bringing this motion. Dkt. No. 139. Although defendant is correct that this case has been pending for several years, the case remains in a relatively early procedural stage, and plaintiff's proposed amendments will not subject Facebook to unfair prejudice.

Facebook argues that "[p]laintiff sat on his hands for nearly three and a half years at his own peril." *Id.* at 5. According to Facebook, plaintiff offers no explanation for why he could not have added Pohl earlier in the litigation or why he could not have changed his damages theory in prior amendments of his complaint. *Id.* at 6. Facebook contends that this is not a case of newly-discovered evidence which would necessitate amendment. *Id.* However, unlike in the cases cited by Facebook, plaintiff does not seek to plead new facts or change his legal theories. *See, e.g., AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946 (9th Cir. 2006) (finding untimely and prejudicial a motion to amend filed fifteen months after discovery of new facts). Here, plaintiff merely seeks leave to amend to add an additional named plaintiff and to seek nominal damages and disgorgement on his breach of contract claim.[1] Although the delay in plaintiff's amendment is significant, there is no evidence of a dilatory motive. *See id.* at 953.

Second, the limited nature of plaintiff's proposed amendments is not likely to prejudice Facebook. Adding Pohl as a named plaintiff does not change the nature of the case, and the court finds it unlikely that Facebook will need to conduct extensive further discovery. Additionally, plaintiff has agreed to limit his discovery requests relating to Pohl. Dkt. No. 140, at 4.

---

[1] Facebook asserts that plaintiff, having never sought disgorgement for his breach-of-contract claim in prior complaints, is now attempting to add an entirely new damages theory. Dkt No. 139, at 3. But the FAC clearly lists disgorgement in the prayer for relief, and while it may not specifically be linked to plaintiff's breach-of-contract claim, the court cannot agree that disgorgement should now be considered an "entirely new" theory.

Nor are plaintiff's "clarified" damages amendments likely to prejudice Facebook. As plaintiff notes, Facebook itself will have the relevant information regarding disgorgement (its profits), which plaintiff has already sought in discovery. Additionally, plaintiff's claim for nominal damages, if recoverable,[2] will not require any additional discovery because nominal damages require no proof of actual damages. *See ProMex, 6 LLC v. Hernandez*, 781 F. Supp. 2d 1013, 1019 (C.D. Cal. 2011); *see also* Cal. Civ. Code § 3360 ("When a breach of duty has caused no appreciable detriment to the party affected, he may yet recover nominal damages").

Finally, bringing Pohl into this case as an additional named plaintiff makes it more likely that the class members' interests will be served. If for any reason Robertson has to withdraw from the case as a named plaintiff, the case may be able to continue with Pohl as a remaining named plaintiff.

Ultimately, plaintiff does not seek any major changes in the case: he pleads no new facts and no new causes of action. Disgorgement is already pleaded as a remedy for Facebook's alleged fraud. Because the proposed amendment is unlikely to result in any prejudice to Facebook, the court in its discretion grants leave to amend.

### III.  Order

For the reasons explained above, the court grants plaintiff's motion for leave to file a Second Amended Complaint ("SAC") as attached as an exhibit to the motion, Dkt. No. 138-1, and on the following conditions: (1) any additional class certification fact discovery by plaintiffs will be narrowly tailored to Pohl's standing as a class representative, and limited to five interrogatories and five production requests with each having no subparts; and (2) Facebook's class certification fact discovery deadline is extended to April 1, 2015.  The SAC will be deemed filed and served as of the date of this order.

Dated: February 13, 2015

*Ronald M. Whyte*
Ronald M. Whyte
United States District Judge

---

[2] The court expresses no opinion at this time as to whether nominal damages are sufficient to fulfill the damages element of a California state breach of contract claim.