1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: FACEBOOK PRIVACY
LITIGATION

Case No.  10-cv-02389-RMW

**ORDER GRANTING LEAVE TO FILE
THIRD AMENDED COMPLAINT**

Re: Dkt. No. 163

Plaintiff seeks leave to file a third amended complaint ("TAC") to add "one or more" additional class representatives. Dkt. No. 163, at 1. Plaintiff also seeks an order pursuant to Federal Rule of Civil Procedure 16 amending the Scheduling Order to permit discovery related to the additional class representatives. *Id*. For the reasons explained below, the court treats the motion as one to add Wendy Marfeo as a named representative in a TAC and to amend the scheduling order, and the court GRANTS plaintiff's motion, so construed.

**I.  BACKGROUND**

Plaintiff Katherine Pohl brings this suit on behalf of herself and all others whose confidential user information was allegedly disclosed by defendant Facebook to its advertising partners in violation of Facebook's own privacy policy, Facebook's promises to users, accepted industry standards, and federal law. Dkt. No. 144, at ¶ 1. Plaintiff's second amended complaint ("SAC") alleges that Facebook's policies state that Facebook "never share[s] [users'] personal

ORDER GRANTING LEAVE TO AMEND
10-cv-02389-RMW                              1

1    information with [Facebook's] advertisers" and does "not give [users'] content of information to

2    advertisers without [users'] consent." *Id*. ¶ 2. According to the SAC, Facebook, despite these

3    policies, intentionally and knowingly transmitted confidential user identifiable information,

4    including users' full names, to third party advertisers without user consent. *Id*. ¶ 3.

5           Several separate actions were originally filed against Facebook, and the cases were

6    consolidated on August 10, 2010 under the caption *In re Facebook Privacy Litigation*. Following

7    consolidation, plaintiffs' counsel elected to name only Mike Robertson and David Gould as

8    plaintiffs and putative class representatives. *See* Dkt. No. 36. The court thereafter granted

9    Facebook's motion to dismiss, Dkt. No. 91, and plaintiffs filed a first amended complaint

10   ("FAC"), Dkt. No. 92. Facebook again moved to dismiss and the court granted Facebook's motion

11   and dismissed the FAC with prejudice. Dkt. No. 106. After the dismissal, Robertson appealed to

12   the Ninth Circuit. Dkt. No. 116. Gould did not file a notice of appeal and the judgment against him

13   became final on November 22, 2011. Dkt. No. 107. Accordingly, when the Ninth Circuit reversed

14   the court's dismissal order on two of the eight dismissed claims, the case was remanded to this

15   court with Robertson as the sole named plaintiff.

16          After remand from the Ninth Circuit, the parties commenced discovery. On August 14,

17   2015, the court entered the parties' stipulated scheduling order. Dkt. No. 135. The scheduling

18   order set the deadline for completion of class certification fact discovery for March 25, 2015, the

19   deadline for disclosure of plaintiff's class certification witnesses for April 8, 2014, and the

20   deadline to file a class certification motion for July 22, 2014. *Id*. The scheduling order does not set

21   a deadline for amendment of the pleadings.

22          After remand, Facebook propounded interrogatories, requests for production, a notice of

23   deposition, and a demand for inspection. Dkt. No. 163, at 5. Facebook's demand for inspection

24   included a request that Robertson produce the devices from which he had accessed Facebook

25   during the relevant time period. *Id*. at 6. Robertson responded by informing Facebook that the only

26   device from which he had accessed Facebook was his work laptop computer, which he had

27   returned to the former employer who had issued it to him. *Id*. Facebook sought the identity of

28   ORDER GRANTING LEAVE TO AMEND
     10-cv-02389-RMW                          2

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Robertson's former employer so that it could issue a subpoena for inspection of the computer. *Id*.

2    at 7. Plaintiff refused to identify the employer on the ground that Facebook had not explained the

3    relevance of any data that might be on the computer. *Id*.

4         While discovery was ongoing, on January 7, 2015 plaintiff moved for leave to amend the

5    FAC. Dkt. No. 138. Plaintiff sought to add Katherine Pohl as an additional named plaintiff, and to

6    "clarify" the damages sought in the compliant, including adding a request for nominal damages

7    and disgorgement for the breach of contract claim. Dkt. No. 138. On February 13, 2015, the court

8    granted plaintiff leave to file a SAC. *See* Dkt. No. 142. The court found that although plaintiff's

9    delay in seeking leave to amend the compliant was significant, there was no evidence of any

10   dilatory motive in plaintiff's proposed amendments. *Id*. The court further found that the proposed

11   amendments would not subject Facebook to unfair prejudice. *Id*. However, in so ruling, the court

12   imposed the following conditions: (1) additional class certification fact discovery by plaintiffs was

13   to be narrowly tailored to Ms. Pohl's standing as a class representative, and limited to five

14   interrogatories and five production requests with each having no subparts; and (2) Facebook's

15   class certification fact discovery deadline was extended to April 1, 2015. *Id*. at 4. Plaintiff's SAC

16   was deemed filed and served as of the date of the court's order, February 13, 2015. *Id*.

17        Facebook deposed Robertson on March 11, 2015. Dkt. No. 163, at 8. At the deposition,

18   Robertson testified that he had used Facebook on "one or more work-issued computers." Dkt. No.

19   177, at 7. Robertson refused to answer questions by Facebook that sought the identities of former

20   employers. Dkt. No. 163, at 8. Robertson based his refusal on both a concern for his privacy and

21   the possibility that Facebook's subpoenas to his former employers "could just create employment

22   difficulties" for Robertson, and harm his "ability to earn a living." *Id*. Robertson's attorney, Mr.

23   Nassiri, stated that Robertson's refusal to answer was based on "privacy grounds and on the

24   grounds that your need for this information, whatever it might be, which you haven't articulated

25   once, is outweighed by the potential risk and harm to him and his ability to make a living when

26   you go out and you issue subpoenas to every third party that may have had some relationship with

27   Mike Robertson." *Id*. Despite his asserted privacy concerns, Robertson admitted that he publicized

28   ORDER GRANTING LEAVE TO AMEND
     10-cv-02389-RMW                                3

1    information about his former employers on his public LinkedIn profile. Dkt. No. 177, at 8. After

2    Facebook's counsel presented Robertson with a copy of his public LinkedIn profile, Robertson's

3    counsel informed Facebook that Robertson intended to seek a protective order to prevent

4    Facebook from issuing subpoenas to Robertson's previous employers. Dkt. No. 163, at 9. Counsel

5    for both parties met and conferred after the deposition and, according to Robertson, Facebook

6    agreed to an "informal standstill." *Id*. Robertson understood this to mean that Facebook had

7    agreed that it would not issue any subpoenas to Robertson's former employers or clients without

8    giving Robertson sufficient notice to seek a protective order. *Id*. However, the following day,

9    March 12, 2015, Facebook's counsel sent Robertson an email stating that Facebook had never

10   agreed to give Robertson sufficient notice to seek a protective order should Facebook intend to

11   issue the subpoenas. *Id*.

12            Robertson did not elect to seek a protective order, and on March 17, 2015, Facebook

13   informed Robertson that if he did not identify the relevant previous employers within two days,

14   Facebook would serve subpoenas on two of his previous employers listed on his LinkedIn profile.

15   *Id*. at 9–10. However, Facebook never issued any subpoenas, because on March 20, 2015, the

16   parties filed a stipulation to the voluntary dismissal of Robertson from the case, with prejudice.

17   Dkt. No. 146. Plaintiff alleges that Robertson's voluntary dismissal was "indisputably submitted

18   under duress." Dkt. No. 163, at 1. Following Robertson's withdrawal, plaintiff Pohl became the

19   sole class representative in this case.

20            On March 27, 2015, plaintiff filed this motion for leave to file a TAC to add one or more

21   class representatives who plaintiff had not yet identified. Dkt. No. 148.[1] Facebook filed an

22   opposition on April 10, 2015, Dkt. No. 177, and plaintiff filed a reply on April 17, 2015, Dkt. No.

23   189.[2]

24

25   [1] Plaintiff later moved to remove several incorrectly filed documents from the docket, including
     this motion. Dkt. No. 160. Plaintiff subsequently re-filed her motion for leave to file a TAC on

26   April 6, 2015. Dkt. No. 163. Throughout this order, the court's citations to plaintiff's motion are to
     the later filed document at Docket No. 163.

27   [2] Facebook also filed objections to new evidence in plaintiff's reply brief and plaintiff's
     declaration in support thereof. Dkt. No. 203. However, because the court does not rely on any of

28   ORDER GRANTING LEAVE TO AMEND
     10-cv-02389-RMW                                   4

United States District Court
Northern District of California

1    Plaintiff also filed a motion to compel before Magistrate Judge Grewal, seeking to compel

2    Facebook to identify and provide contact information for some or all of the putative class

3    members. Dkt. No. 172. As of the date of this order, plaintiff's motion to compel is outstanding,

4    and Judge Grewal has deferred ruling until the court rules on this motion. Dkt. Nos. 173, 224.

5    On April 29, 2015, plaintiff's counsel filed a declaration stating that Wendy Marfeo had

6    agreed to serve as a class representative in this case. Dkt. No. 211. Ms. Marfeo had previously

7    been the named plaintiff in one of the four cases consolidated into this action. *See* Dkt. No. 36.

8    When the cases were consolidated, however, plaintiff's counsel elected to proceed with only Mr.

9    Gould and Mr. Robertson as named plaintiffs. Ms. Marfeo and the other named plaintiff, Zetha

10   Noble, were dropped from the case. *Id*.

11   **II.  LEGAL STANDARD**

12   Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a

13   matter of course within 21 days of serving it. Fed. R. Civ. Pro. 15(a)(1). After that initial period

14   has passed, amendment is permitted only with the opposing party's written consent or leave of the

15   court. Fed. R. Civ. Pro. 15(a)(2). Rule 15 instructs that "[t]he court should freely give leave when

16   justice so requires." *Id.* Although this rule "should be interpreted with extreme liberality, leave to

17   amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th

18   Cir. 1990) (internal citation and quotation marks omitted). Courts commonly consider four factors

19   when determining whether to grant leave to amend: (1) bad faith on the part of the movant; (2)

20   undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment.

21   *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999); *see also*

22   *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[I]t is the consideration of prejudice to the opposing

23   party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048,

24   1052 (9th Cir. 2003) (citing *DCD Programs, Ltd v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)).

25   "The party opposing leave to amend bears the burden of showing prejudice." *Serpa v. SBC*

26

27   the evidence to which Facebook objects, the court finds Facebook's objection moot.

ORDER GRANTING LEAVE TO AMEND

28   10-cv-02389-RMW                    5

United States District Court
Northern District of California

United States District Court
Northern District of California

1    *Telecomms., Inc.*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs*, 833 F.2d at

2    187).

3         "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists

4    a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* (citation omitted). While

5    "[d]elay alone is insufficient to justify denial of leave to amend," *Jones v. Bates*, 127 F.3d 839,

6    847 (9th Cir. 1997), "late amendments to assert new theories are not reviewed favorably when the

7    facts and the theory have been known to the party seeking amendment since the inception of the

8    cause of action," *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th

9    Cir. 1986); *see also Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir.

10   1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's

11   finding of prejudice from a delayed motion to amend the complaint."). The decision to grant or

12   deny a request for leave to amend rests in the discretion of the trial court. *See California v. Neville*

13   *Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004).

14        In its opposition, Facebook asks the court to evaluate plaintiff's motion for leave to amend

15   the SAC under the "good cause" standard from Rule 16(b)(4), which governs amendment of

16   scheduling orders. Dkt. No. 177, at 13. Facebook relies on *Osakan v. Apple Am. Grp.*, which

17   applied the good cause standard to a motion for leave to amend the pleadings. Case No. 08-4722,

18   2010 WL 1838701, at *3 (N.D. Cal. May 5, 2010). *Osakan* read Ninth Circuit precedent as

19   requiring application of the good cause standard to motions for leave to amend filed after entry of

20   a Rule 16 scheduling order. *Id*. However, the Ninth Circuit cases cited in *Osakan* make clear that

21   Rule 16's good cause standard applies to motions for leave to amend which are filed after the

22   deadline set in a pretrial scheduling order for amendment of the pleadings has passed. *See Johnson*

23   *v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) ("Once the district court had

24   filed a pretrial scheduling order pursuant to [Rule 16] which established a timetable for amending

25   pleadings that rule's standards controlled."); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294

26   (9th Cir. 2000) (district court correctly applied Rule 16 good cause standard "because it had filed a

27   pretrial scheduling order that established a timetable for amending the pleadings, and the deadline

28   ORDER GRANTING LEAVE TO AMEND
     10-cv-02389-RMW                          6

1   had expired before [plaintiffs] moved to amend."). Because the stipulated scheduling order entered

2   by the court in this case set no deadline for amendment of the pleadings, *see* Dkt. No. 135, the

3   court finds that plaintiff's motion for leave to amend is governed by the standard for amendment

4   under Rule 15.[3]

5   **III. DISCUSSION**

6       At the hearing on this motion, Facebook argued that the case should be dismissed because

7   the sole remaining named plaintiff lacks standing. The court requested briefing from both parties

8   on this question. Dkt. No. 220. Having considered the parties' papers, see Dkt. Nos. 221, 223, 225,

9   and the relevant law, the court finds that the case need not be dismissed on this basis. Robertson's

10   voluntary dismissal rendered his claims moot. Where a named plaintiff's claims become moot,

11   courts in the Ninth Circuit permit the substitution of a proper class representative to allow the suit

12   to proceed. *See Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1023 n.6 (9th Cir.

13   2003). Accordingly, the court treats the instant motion to amend to add Marfeo as a class

14   representative as one seeking the substitution of a named plaintiff following the mooting of a prior

15   plaintiff's claims. The court therefore proceeds to analyze whether the requested amendment to

16   add Marfeo is proper under Rule 15.

17       Plaintiff seeks leave to file a TAC to add Wendy Marfeo as a named plaintiff and to amend

18   the scheduling order to permit further discovery related to her addition as a new class

19   representative.[4] Dkt. No. 163, at 2. Plaintiff argues that the court should grant her leave to amend

20   the SAC because justice requires her proposed amendment and none of the *Foman* factors weighs

21   against amendment. *Id*. at 13. More specifically, plaintiff asserts that she has "proceeded

22   expeditiously and in good faith," the amendment would not be futile, and would not subject

23   Facebook to any undue prejudice. *Id*. at 13–14. In response, Facebook contends that plaintiff's

24

25   [3] However, plaintiff's motion to amend the scheduling order is governed by the good cause standard under Rule 16.

26   [4] In fact, in her motion for leave to amend plaintiff seeks to add "one or more additional class representatives." Dkt. No. 163, at 2. Plaintiff has since identified only Wendy Marfeo as an

27   additional class representative. The court therefore treats plaintiff's motion as seeking leave to amend to add only Marfeo as a class representative.

28   ORDER GRANTING LEAVE TO AMEND
     10-cv-02389-RMW                    7

1    request is untimely, threatens further delays, would be futile, and is unduly prejudicial. Dkt. No.

2    177, at 19–24. On balance, the court finds that the request for amendment is untimely but not

3    brought in bad faith, and the prejudice to Facebook is not so unfair as to justify denial of the

4    motion. Further, the court finds that the amendment would not be futile. The court therefore

5    GRANTS plaintiff's motion to file a TAC.

6    **A. Prejudice to Defendant**

7    Facebook asserts that granting plaintiff's motion for leave to amend would be unfairly

8    prejudicial. *Id*. at 19. Plaintiff asks the court to extend the discovery period for three additional

9    months, which Facebook contends is likely to be unrealistically short. Facebook argues that this

10    will force Facebook "to take discovery of the new plaintiff, including discovery regarding any

11    unique defenses that may impact his or her typicality and adequacy, and reevaluate the defenses

12    and arguments that it has been developing throughout the previous discovery period." *Id*. at 20.

13    Facebook notes that it has already had to conduct such additional discovery because of the recent

14    addition of Pohl as a class representative, and argues that permitting plaintiff's requested

15    amendment would force Facebook to do so again. *Id*. According to Facebook, plaintiff is seeking

16    new categories and avenues of discovery, and will use expanded discovery to pursue new

17    arguments in support of class certification. *Id*. Facebook asserts that this will force Facebook to

18    redevelop its "class certification defenses and arguments based on this new discovery and new

19    theories, mooting the very substantial time, expense, and effort it has already expended." *Id*.

20    Facebook also argues that the pending motion to compel before Judge Grewal indicates that

21    plaintiff intends to contact putative class members in an effort to prove commonality and

22    predominance, reliance, or a damages theory by surveying a sample of the class. *Id*.

23    In response, plaintiff argues that she is not seeking new categories or avenues of discovery,

24    either in this motion or in the motion to compel before Judge Grewal. Dkt. No. 189, at 6. Plaintiff

25    contends that Facebook "readily could have anticipated Plaintiff might seek to prove damages by

26    surveying a sample of the putative class." *Id*. (quotation marks omitted). Plaintiff further notes that

27    the expert discovery cutoff is not until July 1, 2015. *Id*. According to plaintiff, the impact of

28    ORDER GRANTING LEAVE TO AMEND
10-cv-02389-RMW                                      8

*(left margin, rotated)* United States District Court
Northern District of California

1    granting plaintiff's motion for leave to amend the SAC would be "limited to the discovery burdens

2    associated with any newly-identified named plaintiff." *Id*. Plaintiff argues that Facebook has not

3    identified any new issues or new defense strategies that would stem from granting plaintiff's

4    motion.

5             The court agrees that Facebook's arguments regarding damages theories do not bear on the

6    question of prejudice because expert discovery is ongoing and the addition of a new plaintiff is

7    unlikely to result in new or altered damages theories. However, the court does recognize that

8    adding a new class representative may introduce new issues and may necessitate altered defense

9    strategies. Plaintiff brought this action on a class basis under Rule 23. To maintain a class action,

10   plaintiff must show that "there are questions of law or fact common to the class," "the claims or

11   defenses of the representative parties are typical of the claims or defenses of the class," and the

12   "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P.

13   23(a) (2)-(4). These questions necessarily require consideration of Marfeo's ability to serve as a

14   class representative. *See Osakan*, 2010 WL 1838701, at \*5 (citing *Rodriguez v. Hayes,* 591 F.3d

15   1105, 1122 (9th Cir. 2010) ("The commonality requirement will be satisfied if the *named*

16   *plaintiffs* share at least one question of fact or law with the grievances of the prospective class")).

17   As an example, Facebook may need to ascertain whether Marfeo is subject to unique defenses,

18   which would bear upon the typicality requirement of Rule 23. *See Osakan*, 2010 WL 1838701, at

19   \*5; *see also Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

20            While Marfeo's addition as a class representative will saddle Facebook with some

21   additional discovery, the court is not convinced that this burden will be so unfair as to justify

22   denial of plaintiff's motion. First, plaintiff is not seeking new categories or avenues of discovery.

23   Second, Facebook has not identified any new issues or defenses that may arise out of Marfeo's

24   addition as a class representative. Finally, any additional discovery by the parties in this case will

25

26

27

28   ORDER GRANTING LEAVE TO AMEND
     10-cv-02389-RMW                                         9

1    be limited to Marfeo, as discussed below. Class certification fact discovery is otherwise closed and

2    will remain closed.[5]

3    In sum, the court finds that amendment will not subject Facebook to unfair prejudice, and

4    that this *Foman* factor weighs in favor of granting leave to amend.

5    **B. Undue Delay**

6    Plaintiff asserts that she has exercised due diligence in seeking this amendment soon after

7    Robertson withdrew from the case. Dkt. No. 163, at 14. Facebook argues that plaintiff's

8    amendment is untimely, as the court recently granted plaintiff leave to amend to add Pohl as a

9    class representative, and class certification fact discovery has now closed. Dkt. No. 177, at 19–23.

10   The court recognizes that the addition of Marfeo is untimely, but as with plaintiff's prior motion,

11   the court finds no evidence of a dilatory motive. *See, e.g., AmerisourceBergen Corp. v. Dialysist*

12   *W., Inc.*, 465 F.3d 953 (9th Cir. 2006). Plaintiff contends that Robertson withdrew from the case

13   under the threat that Facebook would subpoena his former employers to obtain the computers

14   from which Robertson had accessed Facebook during the relevant time period. *See* Dkt. No. 163,

15   at 8–10. Robertson's reluctance to discovery of his past employers may have been foreseeable to

16   an extent, and plaintiff's failure to seek leave to add Marfeo earlier may demonstrate a degree of

17   inattentiveness on the part of plaintiff's counsel, but the court cannot conclude that the instant

18   motion for leave to amend is the result of bad faith or dilatory motive. Accordingly, the court finds

19   that this *Foman* factor weighs in favor of granting leave to amend.

20   **C. Futility of Amendment**

21   Facebook also asserts that amendment would be futile. Dkt. No. 177, at 21–22. Facebook

22   argues that plaintiff will be unable to certify a class because she will be unable to show

23   commonality under Rule 23. *Id*. at 21. Similarly, Facebook argues that neither Robertson nor Pohl

24   was able to identify how they had been harmed by the alleged fraud and breach of contract. *Id*. at

25

26   ───────────────

     [5] However, this order should not be understood to preclude any discovery that may result from

27   plaintiff's motion to compel before Judge Grewal. If plaintiff's motion to compel is granted, the
     parties may conduct further discovery in accordance with Judge Grewal's ruling.

     ORDER GRANTING LEAVE TO AMEND

28   10-cv-02389-RMW                              10

United States District Court
Northern District of California

1    22. According to Facebook, amendment would therefore be futile. *Id*. However, because these

2    issues are not yet before the court, these arguments are now premature, and Facebook raises no

3    other arguments regarding futility of amendment. Consequently, the court finds that Facebook has

4    failed to show that the proposed amendment would be futile, and that this *Foman* factor weighs in

5    favor of granting leave to amend.

6    ### D. Plaintiff May File a TAC

7    The court finds that three *Foman* factors weigh in favor of granting plaintiff leave to file a

8    TAC. Although plaintiff's motion for leave to file a TAC adding Marfeo as a new class

9    representative is untimely, there is no evidence that plaintiff's delay in seeking to add Marfeo is

10   the result of bad faith or dilatory motive. The court recognizes that granting the motion will

11   impose the burden of further discovery on Facebook, but the court is not convinced that the

12   limited additional discovery outlined herein will result in unfair prejudice. Finally, amendment

13   does not appear that it will be futile. Accordingly, the court in its discretion GRANTS plaintiff's

14   motion to file a TAC adding Marfeo as a new class representative.

15   ### E. Amendment of the Scheduling Order

16   Under Federal Rule of Civil Procedure 16(b)(4), a pretrial scheduling order "may be

17   modified only for good cause and with the judge's consent." Good cause exists where the parties

18   cannot meet the deadlines set forth in a scheduling order despite the exercise of due diligence.

19   *Johnson*, 975 F.2d at 609. As noted above, the deadline for class certification fact discovery has

20   now passed, and neither party has had the opportunity to conduct discovery related to Marfeo.

21   Accordingly, the court finds that Marfeo's addition as a named plaintiff after the close of

22   discovery constitutes good cause to amend the Scheduling Order to permit limited additional

23   discover on the subject of Marfeo's adequacy to be a representative plaintiff. Any discovery

24   conducted by plaintiff is further limited to five interrogatories and five production requests with

25   each having no subparts. Subject to these conditions, the class certification class discovery is

26   extended by 90 days to July 1, 2015. All other deadlines are also extended by 90 days, as set forth

27

28   ORDER GRANTING LEAVE TO AMEND
     10-cv-02389-RMW                              11

United States District Court
Northern District of California

1   in plaintiff's motion to amend the Scheduling Order. Within seven days of this order, the parties

2   shall file a Scheduling Order which reflects these dates and conditions.

3   **IV. ORDER**

4        For the reasons explained above, the court GRANTS plaintiff's motion for leave to file a

5   TAC to add Wendy Marfeo as a named plaintiff. Plaintiff's motion to amend the standing order is

6   GRANTED, subject to the conditions set forth above. The TAC will be deemed filed and served

7   as of the date of this order.

8        **IT IS SO ORDERED**.

9   Dated: May 22, 2015

10  

    Ronald M. Whyte

11      United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  ORDER GRANTING LEAVE TO AMEND
    10-cv-02389-RMW                          12

*United States District Court*
*Northern District of California*