United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: FACEBOOK PRIVACY LITIGATION | Case No. 5:10-cv-02389-RMW |
| | **ORDER GRANTING-IN-PART DEFENDANT'S MOTION TO COMPEL AND GRANTING-IN-PART PLAINTIFF'S MOTION TO COMPEL** |
| | **(Re: Docket Nos. 172, 180)** |

Plaintiff Katherine Pohl—who brings this suit on behalf of herself and others—alleges that Defendant Facebook, Inc. sent data to advertising companies that could be used to find consumers' names and other personal details, despite Facebook's promises that it would not and did not share such information without user consent. Against a background of repeated attempts to find named plaintiffs with standing to act as the representative on behalf of the putative class, Facebook and Plaintiff have each brought motions to compel various discovery. The motions are GRANTED-IN-PART, as explained below.

**I.**

This court has jurisdiction under 28 U.S.C. §§ 1331 and 1332(a). The undersigned was assigned discovery matters in this case pursuant to Rule 72(a).

Under Fed. R. Civ. P. 26, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[1] Discovery is relevant, even if it would not be

---
[1] Fed. R. Civ. P. 26(b)(1).

1

Case No. 5:10-cv-02389-RMW
ORDER GRANTING-IN-PART DEFENDANT'S MOTION TO COMPEL AND GRANTING-IN-PART PLAINTIFF'S MOTION TO COMPEL

admissible at trial, if the discovery "appears reasonably calculated to lead to the discovery of admissible evidence."[2] The scope of discovery allowed has been broadly construed and encompasses "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case."[3]

If a party fails to answer an interrogatory under Rule 33 or fails to produce documents as requested under Rule 34, the party seeking discovery may move to compel.[4] The party seeking to compel discovery bears "the initial burden of establishing that its request" is relevant.[5] Once the moving party has done so, the burden shifts to the opposing party to show that the discovery should not be allowed. General or boilerplate objections—specifically that discovery requests are "overly broad, burdensome, oppressive and irrelevant"—are insufficient to meet this burden.[6]

## II.

Facebook moves to compel Plaintiff to produce information responsive to Requests for Production Nos. 1-2, 5, 9-11, 18-22 which seek documents related to Plaintiff's activity on Facebook, including documents concerning the creation of her Facebook account, her access to and review of Facebook's terms and conditions and the information publicly available on her Facebook page during the relevant time period, documents related to Plaintiff's non-privileged communications concerning this lawsuit and any documents relied upon by Plaintiff in responding to Facebook's interrogatories and documents related to particular allegations in the Second Amended Complaint, including Plaintiff's assertion that her personal and/or sensitive information was disclosed as a result of Facebook's action.

After Facebook filed its motion, Plaintiff proceeded to produce seven documents totaling

---

[2] *Id.*

[3] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[4] *See* Fed. R. Civ. P. 37(a)(3)-(4).

[5] *Ellis v. J.P. Morgan Chase & Co.*, Case No. 12-cv-03897, 2014 WL 1510884, at *3 (N.D. Cal. Apr. 1, 2014).

[6] *O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649 (C.D. Cal. 2007).

2
Case No. 5:10-cv-02389-RMW
ORDER GRANTING-IN-PART DEFENDANT'S MOTION TO COMPEL AND GRANTING-IN-PART PLAINTIFF'S MOTION TO COMPEL

26 pages to Facebook—the only documents Facebook has received until now. As a result, Plaintiff argues that she has now produced all responsive information in her custody or control. The court recognizes that a party cannot be compelled to produce documents that the party does not have.[7] And based on Plaintiff's representation that she has already produced everything she has, the court DENIES Facebook's motion as to documents responsive to the above-referenced RFPs.[8]

Nevertheless, it is less than clear that Plaintiff has conducted a diligent search in order to determine whether she may in fact have additional information. Notably, Plaintiff testified during deposition about two personal email accounts that she currently uses. According to Facebook, no emails from those accounts have been produced. But in Plaintiff's objections to Facebook's RFPs, she pleads that she cannot possibly produce any emails because three other email accounts have since been shut down, denying her access. Because it appears from the record before the court that some sources of information may have been excluded from Plaintiff's search, Facebook is entitled to clarification of Plaintiff's search methodology. To that end, within 14 days, Plaintiff shall submit a declaration explaining her search in detail, including, but not limited to, all sources searched and all search parameters used. To the extent that Plaintiff has withheld any documents on the basis of attorney-client privilege or attorney work product, Plaintiff shall serve a privilege log on Facebook or otherwise certify that any such documents need not be logged pursuant to the parties' Stipulated Protective Order, also within 14 days.[9]

### III.

Plaintiff moves to compel responses to interrogatories 7-10, 14 and to Requests for

---

[7] *See Optimize Tech. Solutions, LLC v. Staples, Inc.*, Case No. 14-mc-80095, 2014 WL 1477651, at *1 (N.D. Cal. Apr. 14, 2014) ("[T]he court cannot order production of documents that do not exist."); *Hamilton v. Rhoads*, Case No. 11-cv-00227, 2012 WL 4097748, at *2 (N.D. Cal. Sept. 17, 2012) ("A court cannot order a party to produce documents that do not exist. Plaintiff's suspicion that additional documents exist does not justify a motion to compel."); *Ransom v. Johnson*, Case No. 05-cv-00086, 2009 WL 1025587, at *7 (E.D. Cal. Apr. 14, 2009) ("Plaintiff is required to accept that Defendant has no responsive documents in his possession, custody, or control.").

[8] This is without prejudice to Facebook renewing the motion if Plaintiff's declaration—as discussed below—uncovers the fact that Plaintiff's search was not diligent and that additional documents likely exist.

[9] *See* Docket No. 136 at ¶ 13.6.

3
Case No. 5:10-cv-02389-RMW
ORDER GRANTING-IN-PART DEFENDANT'S MOTION TO COMPEL AND GRANTING-IN-PART PLAINTIFF'S MOTION TO COMPEL

Production Nos. 1, 2, 15, 18, 24-28, 36, 38-40, which seek production of names and contact information of putative class members, information regarding Facebook's advertising revenue and profit and information about the value to Facebook users of their personally-identifiable information.

While Plaintiff is not entitled to contact information for all alleged putative class members, Plaintiff certainly is entitled to such information for a random sample. Under California law, plaintiffs are allowed to take discovery about putative class members before filing a motion for class certification.[10] Because of Rule 23's requirement that court's undertake a "rigorous analysis" of the facts in deciding whether to certify a class, plaintiffs are entitled to probe putative class members to support claims of commonality and typicality.[11] In order to show that the members of the putative class "have suffered the same injury," a plaintiff may survey a sample of the putative class.[12]

Here, Plaintiff argues that in order to effectively establish—for purposes of class certification—that the putative class satisfies the typicality and commonality requirements under Rule 23, she must be able to contact them to inquire whether the facts surrounding their claims are sufficiently similar to her own. Indeed, as part of Facebook's class certification discovery, Facebook noticed depositions of two putative class members. Facebook cannot on the one hand seek to deny Plaintiff access to the putative class members as irrelevant to class certification discovery and then on the other hand conduct its own discovery of those very individuals. Plaintiff

---

[10] *See Kress v. Price Waterhouse Coopers*, Case No. 08-cv-00965, 2011 WL 3501003, at *3 (E.D. Cal. Aug. 9, 2011) ("common practice in class action context" to disclose the contact information of putative class members); *Putnam v. Eli Lilly & Co.*, 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007) (putative class member contact information "useful . . . to determine, at a minimum, the commonality and typicality prongs of Rule 23"); *Babbitt v. Albertson's, Inc.*, Case No. 92-cv-01883, 1992 WL 605652, at *5-6 (N.D. Cal. Nov. 30, 1992) ("Defendant has access to [putative-class contact information], and plaintiff should have the same access.").

[11] *See Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013); *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).

[12] *See Feske v. MHC Thousand Trails Ltd. P'ship*, Case No. 11-cv-04124, 2012 WL 1123587, at *2 (N.D. Cal. Apr. 3, 2012) ("Between the two extremes of burdening all 100,000-plus members, and none of them, the balance is appropriately struck by allowing Plaintiffs discovery of a statistical[ly] significant sample of members.").

4

Case No. 5:10-cv-02389-RMW
ORDER GRANTING-IN-PART DEFENDANT'S MOTION TO COMPEL AND GRANTING-IN-PART PLAINTIFF'S MOTION TO COMPEL

also seeks class-wide ad-click data, through which her expert can show that any damages theories are provable on a class-wide basis. These inquiries are particular to the class certification stage and vital to Plaintiff's development of her case.

Facebook counters that Plaintiff improperly seeks this contact information to find potential named plaintiffs that can assist in prosecution and bolster Plaintiff's standing.[13] The court agrees that a plaintiff may not seek information from a defendant to find a proper representative to keep the case alive.[14] But where a plaintiff also legitimately seeks such identifying information to support her motion for class certification, she is entitled to relief.[15]

At the end of the day, Facebook has not shown that Plaintiff is trying to pull one over on the court.[16] The court is, however, sensitive to the overwhelming burden associated with producing contact information and ad-click data for the entire putative class.[17] To balance the burden of production with the benefits that flow therefrom,[18] Facebook shall produce contact information and

---

[13] *See* Docket No. 149 at 2 ("Plaintiff intends to move to compel Facebook to identify and provide contact information for some or all of the [] putative class members . . . . Plaintiff is confident that through these ongoing efforts, it will identify one or more new class representatives who indisputably has standing to prosecute the instant class claims.").

[14] *See Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 416 (9th Cir. 1985) (affirming denial of "counsel's attempt to obtain production under Rule 34 of the names of similarly situated investors in order to solicit support for his efforts to certify the class"); *Feske*, 2012 WL 1123587, at *4 (holding that plaintiffs "were not entitled to discovery from Defendants to find replacement class representatives" and that "seeking to add or replace class members is not grounds for discovery of class member identities"); *Bradbury v. T-Mobile USA, Inc.*, Case No. 06-cv-06567, 2009 WL 3388163, at *1 (N.D. Cal. Oct. 20, 2009) (denying motion to compel where plaintiff "only seeks discovery to find a putative class member who will replace him"); *Adkins v. Apple Inc.*, Case No. 11-cv-01619, 2014 WL 4618411, at *5 (N.D. Cal. Sept. 15, 2014) (denying discovery of class members' contact information "where plaintiffs seek discovery to find substitute class representatives because some of the named representatives may prove inadequate or may need to withdraw for health reasons").

[15] *See Behrend*, 133 S. Ct. at 1432; *Dukes*, 131 S. Ct. at 2551.

[16] *Cf. Openheimer*, 437 U.S. at 352 n.17 (a court considering the discovery standards under Rule 26 need not "blind itself to the purpose for which a party seeks information.").

[17] The court understands that Facebook has already restored the ad-click data, so much of the burden has already been born.

[18] *Cf. Wahl v. Am. Sec. Ins. Co.*, Case No. 08-cv-00555, 2009 WL 3463211, at *1 (N.D. Cal. Oct. 23, 2009) (when analyzing requests for pre-certification discovery, the court must "balance the need to promote effective case management, the need to prevent potential abuse, and the need to protect the rights of all parties").

5

Case No. 5:10-cv-02389-RMW
ORDER GRANTING-IN-PART DEFENDANT'S MOTION TO COMPEL AND GRANTING-IN-PART PLAINTIFF'S MOTION TO COMPEL

ad-click data for a sample of 5,000 individuals within 14 days.[19]

Plaintiff is not entitled to information about Facebook's advertising revenue and profit because she failed to substantiate how such information is relevant to class certification. A party's "ipse dixit assertion of relevance" without more is insufficient to meet its burden on a motion to compel.[20] Here, Plaintiff's only supporting explanation for relevance of this financial information is nothing more than conclusory: Facebook's "advertising profit and revenue is directly relevant to disgorgement, a measure of damages alleged by Plaintiff that is provable on a classwide basis."[21] What is more, Plaintiff is not even required to present a measure of damages at class certification. Rather, Plaintiff must show that she has a clear methodology capable of reliably calculating damages on a classwide basis.[22] The law does not require her to present hard numbers, rendering Facebook profit or revenue information immaterial. Finally, Plaintiff's damages calculation must be "consistent with [her] liability case,"[23] and she has made no showing that Facebook's actual advertising revenue or profit is tied to her theory of liability.

Plaintiff's requests regarding the value to Facebook users of their personally-identifiable information are unwarranted. Given Facebook's representation that it has already produced documents responsive to RFP Nos. 18 and 24 and that upon completion of a diligent search

---

[19] Facebook raises a waiver objection to Plaintiff's discovery request, arguing that because Plaintiff previously represented that she was only interested in the ad-click data for named plaintiffs, it necessarily forecloses her ability to seek broader relief here. Based on the record, the court finds that Plaintiff's previous representations to the court did not categorically bar her from seeking broader discovery now, especially in light of the breadth of the interrogatory requests that were served on Facebook. Facebook also argues that allowing any additional discovery might violate a forthcoming order from Judge Whyte because Plaintiff only sought an extension to class certification discovery as to the newly named plaintiffs. But Judge Whyte has since issued the order upon which Facebook speculates, and he specifically carves out an exception: "this order should not be understood to preclude any discovery that may result from plaintiff's motion to compel before Judge Grewal. If plaintiff's motion to compel is granted, the parties may conduct further discovery in accordance with Judge Grewal's ruling." Docket No. 226 at 10 n.5.

[20] *Haggarty v. Wells Fargo Bank, N.A.*, Case No. 10-cv-02416, 2012 WL 3939321, at *1-2 (N.D. Cal. Sept. 4, 2012).

[21] Docket No. 157-21 at 11.

[22] *Behrend*, 133 S. Ct. at 1433.

[23] *Id.*

6
Case No. 5:10-cv-02389-RMW
ORDER GRANTING-IN-PART DEFENDANT'S MOTION TO COMPEL AND GRANTING-IN-PART PLAINTIFF'S MOTION TO COMPEL

1 Facebook did not locate any non-privileged documents responsive to RFP Nos. 25-28, 38-39,[24] the motion as to these requests is DENIED AS MOOT.

**SO ORDERED.**

Dated: June 11, 2015

PAUL S. GREWAL
United States Magistrate Judge

---

[24] *See* Docket No. 186 at 17.

7

Case No. 5:10-cv-02389-RMW
ORDER GRANTING-IN-PART DEFENDANT'S MOTION TO COMPEL AND GRANTING-IN-PART PLAINTIFF'S MOTION TO COMPEL