UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: FACEBOOK PRIVACY LITIGATION | Case No. 5:10-cv-02389-RMW |
| | **OMNIBUS ORDER RE: MOTIONS TO SEAL** |
| | (Re: Docket Nos. 168, 185, 195, 198, 222) |

Before the court are five administrative motions to seal several documents. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[1] Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."[2] Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[3]

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm

---

[1] *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)).

[2] *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[3] *Id.* at 1178-79.

1

their competitive interest."[4]  Records attached to nondispositive motions therefore are not subject to the strong presumption of access.[5]  Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c).[6]  As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing"[7] that "specific prejudice or harm will result" if the information is disclosed.[8]  "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.[9]  A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed,[10] but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.[11]

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5.  Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law."  "The request must be narrowly tailored to seek sealing only of sealable material, and

---

[4] *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013).

[5] *See id.* at 1180.

[6] *Id.* at 1179 (internal quotations and citations omitted).

[7] *Id.*

[8] *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).

[9] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

[10] *See Kamakana,* 447 F.3d at 1179-80.

[11] *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

must conform with Civil L.R. 79-5(d)."[12]  "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."[13]

With these standards in mind, the courts rules on the instant motions as follows:

| **Motion to Seal** | **Document to be Sealed** | **Result** | **Reason/Explanation** |
|---|---|---|---|
| 222 | Exhibit B to Nassiri Declaration ISO Administrative Motion to File Under Seal | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 222 | Exhibit C to Nassiri Declaration ISO Administrative Motion to File Under Seal | Designations highlighted in green at Docket No. 166-1: page 13:13-14 SEALED; all other designations UNSEALED | Only sealed portions narrowly tailored to confidential business information. |
| 222 | Exhibit D to Nassiri Declaration ISO Administrative Motion to File Under Seal | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 222 | Exhibit E to Nassiri Declaration ISO Administrative Motion to File Under Seal | Designations highlighted in yellow at Docket No. 222-8 SEALED | Narrowly tailored to confidential business information. |
| 222 | Exhibit F to Nassiri Declaration ISO Administrative Motion to File Under Seal | Designations highlighted in green at Docket No. 166-3 SEALED | Narrowly tailored to confidential business information. |
| 222 | Exhibit G to Nassiri Declaration ISO Administrative Motion to File Under Seal | Designations highlighted in green at Docket No. 166-5 SEALED | Narrowly tailored to confidential business information. |

---

[12] Civ. L.R. 79-5(b).  In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d).

[13] Civ. L.R. 79-5(e)(1).

3

Case Nos. 5:10-cv-02389-RMW
OMNIBUS ORDER RE: MOTIONS TO SEAL


| | | | |
|---|---|---|---|
| 222 | Exhibit H to Nassiri Declaration ISO Administrative Motion to File Under Seal | Designations highlighted in green at Docket No. 166-7 SEALED | Narrowly tailored to confidential business information. |
| 222 | Exhibit I to Nassiri Declaration ISO Administrative Motion to File Under Seal | Designations highlighted in yellow at Docket No. 222-13 SEALED | Narrowly tailored to confidential business information. |
| 222 | Exhibit J to Nassiri Declaration ISO Administrative Motion to File Under Seal | Designations highlighted in yellow at Docket No. 222-15 SEALED | Narrowly tailored to confidential business information. |
| 222 | Exhibit K to Nassiri Declaration ISO Administrative Motion to File Under Seal | Designations highlighted in yellow at Docket No. 222-17 SEALED | Narrowly tailored to confidential business information. |
| 222 | Exhibit L to Nassiri Declaration ISO Administrative Motion to File Under Seal | Designations highlighted in green at Docket No. 166-9 SEALED | Narrowly tailored to confidential business information. |
| 222 168 | Exhibit M to Nassiri Declaration ISO Administrative Motion to File Under Seal | Designations highlighted in green at Docket No. 168-4 SEALED; designations highlighted in fuchsia at Docket No. 168-4: Notice of Motion page, line 15, pages ii:3, v:28, viii:1-2, xiii:17, xxi:1, 1, 4, 7, 10 SEALED; all other designations UNSEALED | Only sealed portions narrowly tailored to confidential business information. |
| 168 | Exhibit B to Nassiri Declaration ISO Plaintiff's Motion to Compel | Designations highlighted in green at Docket No. 168-2 SEALED. | Narrowly tailored to confidential business information. |
| 185 | Exhibit F to Declaration of Matthew D. Brown ISO Facebook's Administrative Motion to File Under Seal | UNSEALED | Not narrowly tailored to confidential business information. |
| 195 | Exhibit A to Nassiri Declaration ISO Plaintiff's Administrative Motion to File Under Seal | UNSEALED | Not narrowly tailored to confidential business information. |

| 198 | Exhibit A to Aschenbrener Declaration ISO Plaintiff's Administrative Motion to File Under Seal | Designations highlighted in purple at Docket No. 206-1: page 6 SEALED; all other designations UNSEALED | Only sealed portions narrowly tailored to confidential business information. |

**SO ORDERED.**

Dated: June 12, 2015

                                          PAUL S. GREWAL
                                          United States Magistrate Judge

Case Nos. 5:10-cv-02389-RMW
OMNIBUS ORDER RE: MOTIONS TO SEAL