UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK PRIVACY LITIGATION | Case No.  10-cv-02389-RMW<br><br>**ORDER RE: SEALING MOTIONS**<br><br>Re: Dkt. Nos. 148, 149, 155, 160, 176, 188, 202 |

Before the court are five administrative motions to seal documents.[1] Dkt. Nos. 148, 155, 176, 188, and 202. For the reasons set forth below, the motions are GRANTED-IN-PART and DENIED-IN-PART.

## I. LEGAL STANDARD FOR MOTIONS TO SEAL

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto.*

---

[1] A sixth, Dkt. No. 149, is DENIED as moot because plaintiff withdrew and re-filed the document with additional redactions. Plaintiff's unopposed motion to remove these incorrectly filed documents is GRANTED. *See* Dkt. No. 160.

10-cv-02389-RMW
ORDER RE: SEALING MOTIONS

1

1  *Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to

2  dispositive motions bear the burden of overcoming the presumption with "compelling reasons"

3  that outweigh the general history of access and the public policies favoring disclosure. *Id.* at 1178-

4  79.

5  However, "while protecting the public's interest in access to the courts, we must remain

6  mindful of the parties' right to access those same courts upon terms which will not unduly harm

7  their competitive interest." *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1228-29

8  (Fed. Cir. 2013).

9  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a trial court has broad

10 discretion to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or

11 other confidential research, development, or commercial information." Fed. R. Civ. P.

12 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the

13 Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or

14 compilation of information which is used in one's business, and which gives him an opportunity to

15 obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006,

16 1009 (9th Cir. 1972) (quoting *Restatement of Torts* § 757, cmt. b). "Generally it relates to the

17 production of goods. . . . It may, however, relate to the sale of goods or to other operations in the

18 business. . . ." *Id.* In addition, the Supreme Court has recognized that sealing may be justified to

19 prevent judicial documents from being used "as sources of business information that might harm a

20 litigant's competitive standing." *Nixon*, 435 U.S. at 598.

21 In addition to making particularized showings of good cause, parties moving to seal

22 documents must comply with the procedures established by Civ. L. R. 79-5. Pursuant to Civ. L.

23 R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is

24 "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under

25 the law." "The request must be narrowly tailored to seek sealing only of sealable material, and

26 must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b) (requiring the submitting party to attach

27 a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table

28 format each document or portion thereof that is sought to be sealed," and an "unreadacted version

United States District Court
Northern District of California

of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version.").

With these standards in mind, the courts rules on the instant motions as follows.

## II. SEALING ORDER

| Motion to Seal | Document to be Sealed | Ruling | Reason/Explanation |
|---|---|---|---|
| 148 | Dkt. No. 148-4. Portions of the January 30, 2015 letter from Defendant Facebook Inc.'s ("Defendant" or "Facebook") counsel Matthew Brown to Plaintiff's interim co-lead class counsel Kassra P. Nassiri | GRANTED | Narrowly tailored to confidential business information. |
| 148 | Dkt. No. 148-5. Defendant's document Bates numbered as FB_ROB_0003292_CONFIDENTIAL | GRANTED | Narrowly tailored to confidential business information. |
| 148 | Dkt. Nos. 148-6, 161. Portions of the transcript of former Plaintiff Mike Robertson's March 11, 2015 deposition | DENIED | Docket No. 148-6 was replaced by Docket No. 161, which plaintiff seeks to seal in its entirety. Plaintiff's request to seal Docket No. 161 is denied as it is not narrowly tailored. |
| 148 | Dkt. No. 148-9. Portions of the March 17, 2015 letter from Defendant's counsel Matthew Brown | DENIED | Because the information plaintiff seeks to seal is publicly available and not confidential, the motion to seal is denied. |
| 148 | Dkt. No. 148-10. Defendant's Response to Plaintiff's First Set of Interrogatories dated March 25, 2015 | DENIED | Plaintiff filed under seal out of an abundance of caution, and defendant suggests sealing the names of two Facebook engineers. The motion to file under seal is denied as the document contains no sealable information. |
| 148 | Dkt. No. 148-11. Portions of a letter from Plaintiff's counsel Adam York to Defendant's counsel Matthew Brown dated January 23, 2015 | GRANTED | Narrowly tailored to confidential business information. |
| 148 | Dkt. No. 148-13. Defendant's Second Supplemental Responses to former Plaintiff Mike Robertson's First Set of Interrogatories to Defendant dated March 17, 2015 | GRANTED | Plaintiff filed the document under seal in its entirety because plaintiff asserts that defendant designated the information contained |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | | | therein confidential under the protective order in this case. Defendant filed proposed redactions of confidential business information. *See* Dkt. No. 154-3. Because defendant's proposed redactions are narrowly tailored to confidential business information, the court grants the motion to seal as to the following pages: 2:20, 4:22, 4:23, 6:16, and 6:17. |
| 148 | Dkt. No. 148-14. Defendant's Response to Plaintiff's First Set of Requests for Production of Documents dated March 25, 2015 | DENIED | Plaintiff filed under seal out of an abundance of caution, but defendant states that Docket No. 148-14 contains no sealable information. |
| 148 | Dkt. No. 148-15. Defendant's Second Supplemental Responses to former Plaintiff Mike Robertson's First Set of Requests for Admission to Defendant dated March 17, 2015 | GRANTED | Plaintiff filed the document under seal in its entirety because plaintiff asserts that defendant designated the information contained therein confidential under the protective order in this case. Defendant filed proposed redactions of confidential business information. *See* Dkt. No. 154-5. Because defendant's proposed redactions are narrowly tailored to confidential business information, the court grants the motion to seal as to the following pages: 10:19–20, 10:24–26, and 12:18–21. |
| 148 | Dkt. No. 148-17. Portions of Plaintiff's interim co-lead class counsel Kassra P. Nassiri's letter dated March 19, 2015 | GRANTED | Narrowly tailored to confidential business information. |
| 148 | Dkt. No. 148-19. Portions of Plaintiff's interim co-lead class counsel Kassra P. Nassiri's Meet and Confer e-mail to Mr. Brown dated March 20, 2015 | GRANTED-IN-PART, DENIED-IN-PART: denied as to Robertson's | The information regarding Robertson's former employers is publicly available and not confidential, and therefore the motion to seal is denied |

4

| | | | | |
|---|---|---|---|---|
| | | | former employers, granted as to rest. | as to such information. The other proposed redaction is narrowly tailored to confidential business information and is therefore granted. |
| | 148 | Dkt. No. 148-20. Defendant's Responses to former Plaintiff Mike Robertson's First Request for Production of Documents dated October 14, 2014 | DENIED | Plaintiff filed under seal out of an abundance of caution, but defendant states that Docket No. 148-20 contains no sealable information. |
| | 148 | Dkt. No. 148-22. Portions of the Memorandum of Points and Authorities in Support of Plaintiff's Motion for Leave to Amend Complaint and to Amend Scheduling Order | GRANTED-IN-PART, DENIED-IN-PART: denied as to Robertson's former employers, granted as to rest. | The information regarding Robertson's former employers is publicly available and not confidential, and therefore the motion to seal is denied as to such information. The other proposed redactions (on pages i, 1, 2, 11, and 13) are narrowly tailored to confidential business information and the motion is granted as to these proposed redactions. |
| | 148 | Dkt. No. 148-24. Portions of Plaintiff's interim co-lead class counsel Kassra P. Nassiri's declaration in support of Plaintiff's Motion for Leave to Amend Complaint and to Amend Scheduling Order | DENIED | Because the information plaintiff seeks to seal is publicly available and not confidential, the motion to seal is denied. |
| | 155 | Dkt. No. 155-4. Portions of the transcript of former Plaintiff Mike Robertson's March 11, 2015 deposition | GRANTED | Plaintiff withdrew its proposed redactions for this document, *see* Dkt. No. 160, and instead sought to file the entire document under seal, *see* Dkt. No. 161. The court denied that motion above as not narrowly tailored. Defendant filed a motion to file this document under seal with more limited redactions. Dkt. No. 155. Defendant's proposed redactions are narrowly tailored to confidential business information, and the motion is granted. |

| | | | |
|---|---|---|---|
| 176 | Dkt. No. 176-3. Plaintiff Robertson's Objections and Responses to Defendant Facebook's First Set of Interrogatories | GRANTED only as to plaintiff's proposed redactions at Dkt. No. 182-2. Otherwise DENIED. | Defendant filed entire document under seal out of an abundance of caution. Plaintiff filed proposed redactions at Dkt. No. 182-2. Plaintiff's proposed redactions are narrowly tailored to protect plaintiff's confidential information, and the motion to seal is therefore granted only as to these proposed redactions. |
| 176 | Dkt. No. 176-5. Plaintiff Robertson's Supplemental Responses to Defendant Facebook's First Set of Interrogatories | DENIED | Defendant filed under seal out of an abundance of caution, but plaintiff states that Docket No. 176-5 contains no sealable information. |
| 176 | Dkt. No. 176-7. Plaintiff Pohl's Objections and Responses to Defendant Facebook's First Set of Requests for Production of Documents | DENIED | Defendant filed under seal out of an abundance of caution, but plaintiff states that Docket No. 176-7 contains no sealable information. |
| 176 | Dkt. No. 176-9. Portions of the transcript of Plaintiff Pohl's April 1, 2015 deposition | DENIED | Defendant filed under seal because defendant asserts that plaintiff designated Docket No. 176-9 as confidential pursuant to protective order, but plaintiff states that it contains no sealable information. |
| 176 | Dkt. No. 176-11. Defendant Facebook's Opposition to Plaintiff's Motion for Leave to File Third Amended Consolidated Class Action Complaint and to Amend Scheduling Order | DENIED | Defendant seeks to seal portions of plaintiff's responses to discovery requests out of an abundance of caution in case the responses contain sensitive and confidential information. Plaintiff states that the document contains no such information other than on page 8, at line 4. However, this information is publicly available and not confidential, and so the motion to seal is denied. |

| | | | |
|---|---|---|---|
| 188 | Dkt. No. 188-3. Email correspondence from Defendant's counsel to Matthew D. Brown | GRANTED only as to defendant's proposed redactions at Dkt. No. 193. Otherwise DENIED. | Plaintiff filed the entire document under seal, stating that defendant designated the information contained in the document as confidential. Defendant states that only part contains confidential information, and filed proposed redactions at Dkt. No. 193. Defendant's proposed redactions are narrowly tailored to confidential business information and the motion is therefore granted as to these proposed redactions. |
| 188 | Dkt. No. 188-5. Portions of Plaintiff's Reply in Support of her Motion to Compel Further Responses to Discovery & supporting Memorandum of Points & Authorities | GRANTED-IN-PART as to proposed redactions at Dkt. No. 193-2 (1:3, 1:4,1:17, 1:18, 5:14, 6:17, and 11:17) and DENIED-IN-PART as to the remainder. | Plaintiff seeks to seal portions of this document because it contains information defendant has designated as confidential business information. Defendant identified certain redactions it feels are necessary, and stated that the remainder of plaintiff's proposed redactions are not necessary to protect defendant's confidential information. *See* Dkt. No. 193-2. Defendant's proposed redactions are narrowly tailored to confidential business information and the motion is therefore granted as to these proposed redactions. |
| 188 | Dkt. No. 188-7. Plaintiff's ad-click data produced by Facebook | GRANTED | Narrowly tailored to confidential business information. |
| 188 | Dkt. No. 188-9. Excerpts from Plaintiff's Deposition | DENIED | Plaintiff filed under seal out of an abundance of caution, but defendant states that Docket No. 188-9 contains no sealable information. |
| 188 | Dkt. No. 188-11. Defendant's Supplemental Response to former Plaintiff Make Robertson's First Set of | GRANTED-IN-PART as to proposed | Plaintiff filed the entire document under seal, stating that defendant designated the |

7

| | | | |
|---|---|---|---|
| | Requests for Production | redactions at Dkt. No. 193-4 (4:6 and 5:18) and DENIED-IN-PART as to the remainder. | information contained in the document as confidential. Defendant filed proposed redactions at Dkt. No. 193-4. Defendant's proposed redactions are narrowly tailored to confidential business information and the motion is therefore granted as to these proposed redactions. |
| 188 | Dkt. No. 188-13. Portions of the Declaration of Kassra P. Nassiri in Support of Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Leave to File Amended Complaint and to Amend Scheduling Order | DENIED | Plaintiff filed under seal out of an abundance of caution, but defendant states that Docket No. 188-13 contains no sealable information. |
| 202 | Dkt. No. 202-3. Exhibit A to the Declaration of Kyle C. Wong in Support of Facebook's Objections to New Evidence in Plaintiff's Reply Memorandum and Reply Declaration in Support of Plaintiff's Motion for Leave to File Amended Complaint and Amend Scheduling Order | GRANTED | Narrowly tailored to confidential business information. |
| 202 | Dkt. No. 202-5. Exhibit B to the Declaration of Kyle C. Wong in Support of Facebook's Objections to New Evidence in Plaintiff's Reply Memorandum and Reply Declaration in Support of Plaintiff's Motion for Leave to File Amended Complaint and Amend Scheduling Order | GRANTED | Narrowly tailored to confidential business information. |

The parties shall file documents with updated redactions in accordance with this order by July 9, 2015. Any objections or motions for reconsideration must also be filed by July 9, 2015.

**IT IS SO ORDERED.**

Dated: June 29, 2015

_Ronald M. Whyte_
Ronald M. Whyte
United States District Judge

8