KASSRA P. NASSIRI (215405)
(kass@njfirm.com)
NASSIRI & JUNG LLP
47 Kearny Street, Suite 700
San Francisco, California 94108
Telephone: (415) 762-3100
Facsimile: (415) 534-3200

Attorneys for Plaintiffs and the Putative Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: FACEBOOK PRIVACY LITIGATION | Case No. 10-cv-02389-RMW<br><br>CLASS ACTION<br><br>**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO *EX PARTE* MOTION TO ENLARGE TIME TO OPPOSE DEFENDANT'S MOTION TO DISMISS FOR LACK OF STANDING**<br><br>**[Fed. R. Civ. P. 6(b); L.R. 6-3, 7-10, 7-11]**<br><br>Courtroom: 6<br>Judge: Hon. Ronald M. Whyte<br>Trial Date: None Set |

**PLTF'S REPLY TO DEFT'S OPP TO EX PARTE MOTION TO ENLARGE TIME TO OPPOSE MOTION TO DISMISS [ETC.]**
**CASE NO. 10-CV-02389-RMW**

In its Opposition to Plaintiffs' *Ex Parte* Motion to Enlarge Time to Oppose Defendant's Motion to Dismiss for Lack of Standing, Defendant Facebook, Inc. ("Defendant") agrees with two of Plaintiffs' central points:

- Plaintiffs are entitled to an extension of time to oppose the Motion to Dismiss.
- The parties should not have to brief Class Certification motions simultaneously with briefing the Motion to Dismiss, as the current schedule requires.

The parties still have two primary *disagreements*:

- Whether Class Certification briefing should be completed before Plaintiffs must oppose the Motion to Dismiss.
- The length of Plaintiffs' extension to oppose the Motion to Dismiss.

Plaintiffs respectfully submit the Court should grant their *Ex Parte* Motion and adopt the schedule set forth therein, as follows:

- Plaintiffs' deadline for opposing the Motion to Dismiss should be January 15, 2016, which is 9 days after the current Reply deadline on Class Certification Motions.
- Defendant's deadline for filing a Reply on its Motion to Dismiss should be January 22, 2016.
- The hearing on the Motion to Dismiss should be January 29, 2016 – the same day as the Class Certification motion hearings.

However, *if* the Court instead agrees with Defendant that its Motion to Dismiss "should be resolved before the parties and the Court expend the considerable efforts and expense required to brief, argue, and decide class certification," Dkt. No. 250 at 6, then:

- Plaintiffs should have more than two extra weeks to file their Opposition to the Motion to Dismiss.
- The Class Certification motion filing deadline should be extended until after the hearing and decision on the Motion to Dismiss.

- 1 -
**PLTF'S REPLY TO DEFT'S OPP TO EX PARTE MOTION TO ENLARGE TIME TO OPPOSE MOTION TO DISMISS [ETC.]**
**CASE NO. 10-CV-02389-RMW**

1     Plaintiffs need more than two additional weeks to oppose the Motion to Dismiss because
2 they need – and plainly are entitled – to depose the expert witnesses whose testimony and reports
3 Defendant chose to submit with its Motion to Dismiss.  Given Defendant's extensive reliance on
4 expert testimony and declarations, it is demonstrably wrong and extraordinarily disingenuous for
5 Defendant to claim that "neither expert testimony nor Plaintiffs' declarations can cure the
6 deficiencies identified in the Motion to Dismiss."  Dkt. No. 250 at 3.
7     Basic due process and common sense should preclude Defendant from obtaining dismissal
8 by relying on witnesses who Plaintiffs have been unable to depose.  And the October 16, 2015
9 Opposition deadline proposed by Defendant would be insufficient for Plaintiffs to obtain
10 deposition transcripts for use in their Opposition.
11    Moreover, although Defendant has not alternatively proposed extending the Class
12 Certification motion filing deadline, Defendant concedes that the parties should not be required to
13 brief Class Certification at the same time as they are briefing the Motion to Dismiss.  Dkt. No. 250
14 at 6.  Accordingly, *if* this Court agrees with Defendant that the Motion to Dismiss should be heard
15 and decided before Class Certification, then Plaintiffs propose the following alternative schedule:
16    • Plaintiffs' deadline for opposing the Motion to Dismiss should November 6, 2015.
17    • Defendant's deadline for filing a Reply on its Motion to Dismiss should be
18 November 25, 2015.
19    • The hearing on the Motion to Dismiss should be December 11, 2015.  This should
20 avoid any potential of a conflict with the trial of Plaintiffs' lead counsel, Kassra P. Nassiri, which
21 is set to begin November 9, 2015, and is expected to last up to 3 weeks (which means it may not
22 end until early December, after the Thanksgiving holidays).
23    • The parties' deadline for filing motions pertaining to Class Certification should be
24 continued to January 29, 2016.  This is calculated to give the Court sufficient time to decide the
25 Motion to Dismiss after a December 11, 2015 hearing, and to give the parties sufficient time to
26
27

- 2 -

28 **PLTF'S REPLY TO DEFT'S OPP TO EX PARTE MOTION TO ENLARGE TIME TO OPPOSE MOTION TO DISMISS [ETC.]**
**CASE NO. 10-CV-02389-RMW**

1 complete preparing Class Certification motions while avoiding interference with the Christmas
2 and New Year's holidays.
3   Plaintiffs repeat that the foregoing proposal is only an alternative, in the event the Court
4 disagrees with Plaintiffs that the Opposition to the Motion to Dismiss should not be due until after
5 Class Certification briefing is completed.  Plaintiffs maintain that the schedule proposed in their
6 *Ex Parte* Motion – extending their deadline to oppose the Motion to Dismiss to January 15, 2016,
7 keeping the Class Certification briefing schedule in place, and hearing the Class Certification
8 motions and the Motion to Dismiss together – is preferable.

Dated: September 25, 2015                                   Respectfully submitted,
                                                            NASSIRI & JUNG, LLP

                                                               /s/ Kassra P. Nassiri
                                                            Kassra P. Nassiri

- 3 -

**PLTF'S REPLY TO DEFT'S OPP TO EX PARTE MOTION TO ENLARGE TIME TO OPPOSE MOTION TO DISMISS [ETC.]**
**CASE NO. 10-CV-02389-RMW**